# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-813-KDB-DCK

| | |
|---|---|
| RUSSELL PFEFFER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) **ORDER** |
| BANK OF AMERICA CORPORATION, and BANK OF AMERICA, N.A., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Stipulated Protective Order" (Document No. 30) filed May 15, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion. The Court adopts the parties' proposed protective order as follows:

Plaintiffs Russell Pfeffer, David Dessner, Adam Sherman, Frank Cronin, Roger Rojas, Jason Auerbach, Grace Bozick, Muhamed Vrlaku, and any opt-in plaintiffs ("Plaintiffs"), and their attorneys, Bank of America Corporation and Bank of America, N.A. ("Defendants"), and their attorneys, pursuant to Federal Rule of Civil Procedure 26(c), stipulate and agree as follows:

1. This Stipulated Protective Order ("Protective Order") governs the use and disclosure of documents and other things produced by parties during discovery in the above-captioned case, including, but not limited to, a response to any Interrogatory, Request for Admission, or Request for Production, or to any party by a non-party in response to any subpoena duces tecum. For purposes of this Protective Order, the word "documents" shall include, but is not limited to: (1) written, electronic, recorded, or graphic matter; (2) interrogatory answers filed or

served in this action; (3) requests to admit and responses thereto filed or served in this action; (4) transcripts of and exhibits to depositions; (5) and any portions of any court papers filed in this action that reveal any confidential or highly confidential information as described in Paragraph 3 of this Protective Order.

2. If a party wishes to designate a document or thing to be produced subject to this Protective Order, that party must stamp "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" on that document or thing. Documents and tangible things (including CDs or other electronic storage media containing documents) so designated shall be referred to as the "Confidential Documents" and the "Highly Confidential Documents" throughout the remainder of this Protective Order.

3. Parties shall designate as Confidential Documents only those documents, or portions thereof (such as portions of deposition testimony), that the Designating Party (as defined below) reasonably believes contain: (1) confidential proprietary information; (2) trade secrets; (3) information that a party is bound by a pre-existing contract to keep confidential; (4) confidential commercial information; (5) confidential research/development information; (6) non-public information, including nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable state or local consumer privacy protective laws and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 168la) (collectively, the "Acts"); or (7) other information, the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that party's business or the business of any of the party's customers or clients.

A Designating Party may also designate documents, or portions thereof, as a "Highly Confidential Document" if the Designating Party reasonably believes: (1) the documents and

things, or portions thereof contain trade secrets or confidential business or financial information; (2) there is a substantial and imminent risk that absent such designation, its receipt could cause competitive and/or economic harm; or (3) such documents and things, or portions thereof, would not otherwise be adequately protected under the procedures set forth herein for "Confidential Documents," including but not limited to, personnel information related to Plaintiffs, future opt-ins, and other current or former employees of Defendants. The provisions of this Protective Order, including all usage, dissemination, and disclosure limitations, shall be applicable to Highly Confidential Documents in the same manner as Confidential Documents except that notwithstanding any other provision of this Protective Order, no disclosure of Highly Confidential documents may be made to any persons other than those identified in Paragraph 8.

4. It is the responsibility of each party who asserts confidentiality with respect to any document or thing produced by such party ("Designating Party"), to designate the document or thing as a Confidential Document or Highly Confidential Document at the time of production or, if produced by a third party in response to a subpoena in this case, within thirty (30) days of receipt pursuant to Paragraph 5 of this Protective Order. In no event shall any material designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" be disclosed to anyone other than in accordance with this Protective Order.

5. With respect to any documents received pursuant to third-party subpoenas, the party which subpoenaed and received the documents shall, upon request, promptly copy such documents as are requested, at the requesting party's expense, and send the copies to the requesting party. The parties shall have thirty (30) days after receipt of the documents by the requesting party to designate documents as Confidential Documents or Highly Confidential Documents. The Designating Party shall notify the opposing party in writing of the Bates numbers of the

3

Confidential Documents or Highly Confidential Documents so that the opposing party can mark its copies of those documents with the "**CONFIDENTIAL**" or "**HIGHY CONFIDENTAL**" stamp. Unmarked copies of the Confidential Documents or Highly Confidential Documents shall be destroyed. All third-party documents shall be treated as confidential prior to the expiration of the 30-day period, unless the parties give notice before the end of that period that they do not intend to designate the third-party documents as Confidential Documents or Highly Confidential Documents.

6. If a party ("Objecting Party") objects to the designation of any document or thing as a Confidential Document or Highly Confidential Document, the Objecting Party must communicate its objection in writing to the Designating Party within a reasonable time after designation. The parties and/or attorneys shall attempt to resolve the dispute between them. If they are unsuccessful, the Designating Party must, within ten (10) days of receiving the written objection, file a motion with the Court to establish whether the designated information is entitled to confidential or highly confidential treatment. The protections of this Protective Order shall continue to apply until such time as the Court has ruled to the contrary.

7. The parties agree that documents designated as Confidential Documents, and not objected to, or found to be confidential in whole or in part by the Court herein shall be disclosed only to:

    a. The parties, attorneys of record, and those attorneys' affiliated attorneys, paralegals, legal translators, legal secretaries, law clerks, and litigation support employees, all of whom shall be bound by this Protective Order;

b. Experts retained by counsel to assist in this litigation; provided, however, that any such expert has signed an undertaking in the form of the attached Exhibit A, the original of which will be maintained by counsel for the party retaining such expert;

c. Other individuals or entities retained by counsel identified in Paragraph 7.a. above specifically engaged to assist in this litigation, including litigation consultants, electronic discovery consultants, jury consultants, and mock jurors selected by counsel in preparation for trial; provided, however, that the person or entity has signed an undertaking in the form attached as Exhibit A, the original of which will be maintained by counsel retaining such individuals or entities and need not be disclosed except upon Court order;

d. Witnesses at a deposition, subject to the provisions related to use of Confidential Documents at a deposition provided in Paragraph 9 below;

e. Witnesses at trial; provided, however, that any such witness has signed an undertaking in the form attached as Exhibit A or states on the record that the witness agrees to be bound by the terms of this Protective Order;

f. The Court, its officers and staff, and court stenographers while engaged in the performance of their official duties; and

g. Mediators in this action who have first signed an undertaking in the form attached as Exhibit A or who have otherwise agreed to be bound by this Protective Order.

h. Confidential Documents and their contents may not otherwise be sold, offered, advertised or publicized to any media representative.

5

Case 3:23-cv-00813-KDB-DCK   Document 31   Filed 05/15/24   Page 5 of 15

8. The parties agree that documents designated as Highly Confidential Documents, and not objected to, or found to be highly confidential in whole or in part by the Court herein shall be disclosed only to:

   a. Attorneys of record and their affiliated attorneys, paralegals, legal translators, legal secretaries, law clerks, and litigation support employees, all of whom shall be bound by this Protective Order;

   b. A party's in-house counsel and the paralegals and support personnel working for such counsel;

   c. The Court and Court personnel, if filed in accordance with Paragraph 10 hereof;

   d. Court reporters in this action (whether at depositions, hearings, or any other proceeding);

   e. Stenographic and clerical employees and contractors, and outside copying services, who are working on this action to whom it is necessary that Highly Confidential Documents be disclosed, and provided that such stenographic and clerical employees and contractors, all of whom shall be bound by this Protective Order;

   f. Experts retained by counsel to assist in this litigation; provided, however, that any such expert has signed an undertaking in the form of the attached Exhibit A, the original of which will be maintained by counsel for the party retaining such expert;

   g. Any person who authored, received, saw or was otherwise familiar with any Highly Confidential Document including any person otherwise familiar with the highly confidential information contained therein, but only to the extent of that person's prior familiarity with the highly confidential information; and

h. Mediators in this action who have first signed an undertaking in the form attached as Exhibit A or who have otherwise agreed to be bound by this Protective Order.

i. Highly Confidential Documents may not be disclosed to any other officers, directors, employees, or agents of a party. Nothing in this paragraph shall preclude counsel from giving advice to his or her client in this action that includes a general evaluation of Highly Confidential Documents, provided that counsel shall not disclose the contents of any Highly Confidential Documents contrary to the terms of this Protective Order.

9. No party or attorney or other person who receives Confidential Documents or Highly Confidential Documents may distribute, transmit, or otherwise divulge any document or other material that is marked "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" or the contents thereof, except in accordance with this Protective Order. All produced confidential information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Nothing herein, however, is intended to prohibit or proscribe the ability of counsel to provide to their client informed and meaningful advice, or to prevent counsel from aggregating such information or summarizing such information for the client so long as it will not reveal or disclose confidential information.

10. Any deposition testimony may be designated as confidential by counsel for the Designating Party by any of the following means:

a. Stating orally on the record of a deposition that certain information or testimony is "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**"; or

b. Sending written notice within fourteen (14) days of receipt of the deposition transcript designating all or a portion of the transcript as "**CONFIDENTIAL**" or

7

"**HIGHLY CONFIDENTIAL**." The deposition testimony shall be treated as confidential prior to the expiration of this period.

Any party seeking to use Confidential Documents or Highly Confidential Documents during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Protective Order. If the deponent refuses to agree, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent. The terms of this Protective Order shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Protective Order from attending that portion of the deposition at which confidential information is discussed.

11. Documents subject to this Protective Order may be filed with the Court. The parties will comply with federal and local rules relative to filing documents subject to this Protective Order as confidential under seal or publicly with appropriate redactions, and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

12. Notwithstanding anything to the contrary set forth herein, each party shall have the right to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential material, and the right to apply to the Court at any time for an order modifying or lifting the Protective Order for good cause shown.

13. Prior to the disclosure of any documents found to be confidential in whole or in part by the Court herein to a consultant or expert under Paragraph 7.b. or Paragraph 8.f. of this

Protective Order, any party's attorneys shall present the consultant or expert with a copy of this Protective Order. After reading the Protective Order, the consultant or expert shall initial each page of the Protective Order and sign the attached form of "Acknowledgement of Stipulated Protective Order." Parties' attorneys shall maintain all such signed acknowledgements and initialed orders.

14. To the extent that any documents found to be confidential in whole or in part by the Court herein are used in depositions or at hearings, such documents, things, and information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition/hearing testimony referring to the Confidential Documents, Highly Confidential Documents, or information contained therein.

15. Any court reporter or transcriber who reports or transcribes testimony in this action shall be advised of this Protective Order and shall agree to be bound by its terms and not disclose any of the Confidential Documents, Highly Confidential Documents, or information contained therein to anyone other than the Court, the parties, the witnesses, or the attorneys in this action.

16. This Protective Order shall not apply to the trial of this matter. All documents received into evidence are open to public inspection and copying free of any privilege. No party, however, is precluded from seeking enforcement of this or another Protective Order at and during trial. Further, nothing herein shall prevent the parties from agreeing to this or other Protective Order to apply at trial.

17. The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial. Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any document or information, whether confidential or not.

18. All provisions of this Protective Order, to the extent still applicable, shall continue to be binding after the conclusion of the above-captioned case, unless otherwise agreed by the parties or as ordered by the Court. The Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

19. Upon final disposition of this action, all parties' attorneys shall destroy all remaining Confidential Documents and Highly Confidential Documents, if any, produced to them during the action and shall provide the party producing the Confidential Documents and Highly Confidential Documents with their affidavit(s) attesting to the fact that all such documents have been destroyed, provided, however, that counsel for the parties shall be entitled to retain memoranda or pleadings embodying information derived from such confidential material, to the extent reasonably necessary to preserve a file on this litigation, which information shall not be disclosed to any other person. All portions of deposition transcripts and exhibits that contain confidential material shall also be destroyed as set forth above.

20. If any party receives a subpoena or any other notice requesting documents designated as confidential pursuant to the terms of this Protective Order, that party must notify counsel for the Designating Party at least three (3) days before responding to the subpoena.

21. The production of any confidential, privileged, or otherwise protected material shall not be deemed a waiver or impairment of any claim of confidentiality, privilege, or protection, including, but not limited to, the attorney-client privilege, the work product doctrine, the Bank Examiner Privilege or any other privilege, immunity, or protections from disclosure ("Privileged Documents"). The "Producing Party" (which shall mean the party producing the material) must specifically and individually identify the Privileged Documents which it produced to the "Receiving Party" (which shall mean the party receiving the material). Upon receipt of notice of

10

such production of Privileged Documents from the Producing Party, the Receiving Party shall, within seven (7) business days of such notice, either (a) return all copies of such document(s) to the producing party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the Receiving Party and shall destroy all copies of such documents that contain such notes or other attorney work product or (b) shall apply to the Court for resolution if the Producing Party's claim of production is disputed. The Receiving Party may make no use of the Privileged Documents during any aspect of this action or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected. The Privileged Documents shall be deleted from any systems used to house the documents, including document review databases, e-rooms, and any other location that stores the documents. The contents of the Privileged Documents shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

If a Receiving Party receives any material that, on its face, appears to be a Privileged Document, and does not know to have been intentionally produced or made available, the Receiving Party must refrain from examining the materials any more than is essential to ascertain if the materials are privileged. The Receiving Party shall immediately notify the Producing Party in writing that the Receiving Party possesses material that appears to be privileged or otherwise protected from disclosure. In the event alleged Privileged Documents were unintentionally disclosed, the Producing Party may provide notice to the other parties advising of the disclosure and requesting return or destruction of the Privileged Documents pursuant to this Paragraph 21. The party returning the Privileged Documents may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production. This stipulated agreement set forth in this

11

Paragraph 21 does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

22. In the event that additional parties join or are joined in this litigation, they shall not have access to Confidential Documents until the newly joined party, by its counsel, if different than counsel herein, has executed and filed with the Court its agreement to be fully bound by this Protective Order.

23. This Protective Order may be modified at any time by the written agreement of the parties or by order of the Court after notice to all parties.

24. Any attorney or person who violates any term of this Protective Order is subject to all appropriate disciplinary action, including contempt power, of the United States District Court for the Western District of North Carolina.

25. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

[*Signatures on following page*]

Respectfully submitted, this the 15th day of May 2024.

| | |
|---|---|
| */s/ Jacob Wellman* <br> Jacob Wellman (N.C. Bar No. 28853) <br> JWellman@teaguecampbell.com <br> Teague Campbell Dennis & Gorham, LLP <br> 4700 Falls of Neuse Road <br> Suite 450 <br> Raleigh, NC 27609 <br> 919.719.4734 / 919.873.1814 (Facsimile) <br><br> *Local Counsel to Plaintiffs Russell Pfeffer, David Dessner, Adam Sherman, Frank Cronin, Roger Rojas, Jason Auerbach, and all others similarly situated* <br><br> Barry R. Lax <br> blax@laxneville.com <br> Lax & Neville, LLP <br> 350 Fifth Ave. <br> Suite 4640 <br> New York, NY 10118 <br> 212-696-1999 / 212-566-4531 (Facsimile) <br> Email: blax@laxneville.com <br> *Pro Hac Admission Pending* <br><br> *Attorneys for Plaintiffs Russell Pfeffer, David Dessner, Adam Sherman, Frank Cronin, Roger Rojas, Jason Auerbach, and all others similarly situated* | */s/ Meredith A. Pinson* <br> Meredith A. Pinson (N.C. Bar No. 39990) <br> mpinson@mcguirewoods.com <br> McGuireWoods LLP <br> 201 North Tryon Street, Ste. 3000 <br> Charlotte, North Carolina 28202 <br> 704.343.2252 / 704.353.6171 (Facsimile) <br><br> *Attorney for Defendants* |

**SO ORDERED**.

Signed: May 15, 2024

David C. Keesler
United States Magistrate Judge

# ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

I have been informed that I have been or will be shown certain documents in connection with the litigation known as "*Russell Pfeffer, et al. v. Bank of America Corporation, et al.*" I have been provided with a copy of the Protective Order relating to those documents, and I have read it and I agree to be bound by the terms and conditions set forth therein.

I promise that I will not disclose or discuss such Confidential Documents, Highly Confidential Documents, or information contained therein with any person other than the parties, and attorneys for the parties or members of their staff.

I understand that any use of the information obtained by me from materials designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**," or any portions or summaries thereof, in any manner contrary to the provisions of the Protective Order may subject me to the jurisdiction of and sanctions by the United States District Court for the Western District of North Carolina.

_____
Printed Name

_____
Signature