IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00813-KDB-DCK

| | | |
|---|---|---|
| RUSSELL PFEFFER,<br>FRANK CRONIN,<br>ROGER ROJAS,<br>MUHAMED VRLAKU,<br>JASON AUERBACH,<br>DAVID DESSNER,<br>ADAM SHERMAN, AND<br>GRACE BOZICK,<br><br>     Plaintiffs,<br><br>     v.<br><br>BANK OF AMERICA<br>CORPORATION AND<br>BANK OF AMERICA N.A.,<br><br>     Defendants. | | <u>ORDER</u> |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Conditional Collective Certification and Facilitated Notice (Doc. No. 20). The Court has carefully considered this motion, the parties' briefs and exhibits and oral argument on the motion from the parties' counsel on July 19, 2024. For the reasons discussed below, the Court will **GRANT in part** and **DENY in part** the motion.

## I.      LEGAL STANDARD

The Fair Labor Standards Act ("FLSA") "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). A plaintiff alleging an FLSA violation may bring suit on his

or her own behalf or on behalf of other employees who are similarly situated. 29 U.S.C. § 216(b).

Section 216(b) explains the process for a collective action:

> An action to recover the liability prescribed [under the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"Thus, there are two requirements for the certification of a FLSA collective action: (1) the members of the proposed class must be 'similarly situated,' and (2) the class members must 'opt-in' by filing their consent to suit." *Dearman v. Collegiate Housing Services, Inc.*, No. 5:17-cv-57, 2018 WL 1566333 (W.D.N.C. Mar. 30, 2018); *see also Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013); *Romero v. Mountaire Farms, Inc.,* 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011). "Similarly situated" is not defined in the FLSA and the Fourth Circuit has not provided guidance on how it should be applied. *Long*, 292 F.R.D. at 298. "However, federal district courts in the Fourth Circuit typically follow a two-step approach when deciding whether the named plaintiffs are similarly situated to potential plaintiffs for the purposes of certifying the collective action." *Id.*; *see also Holland v. Fulenwider Enterprises, Inc.*, No. 1:17-cv-48, 2018 WL 700801 (W.D.N.C. Feb. 2, 2018).

At the first stage, also called the "notice stage," "the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court." *Long*, 292 F.R.D. at 298. At this stage, the plaintiff bears a "fairly lenient" burden, needing only to show "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Holland*, 2018 WL 700801 at *2; *see also In re*

*Family Dollar FLSA Litigation*, No. 3:12-cv-1951, 2014 WL 1091356 (W.D.N.C. Mar. 18, 2014). The plaintiff also must show that the putative class is manageable. *See In re Family Dollar FLSA Litigation*, 2014 WL 1091356 (W.D.N.C. Mar. 18, 2014). A "fairly lenient" standard does require more than just bare assertions. For example, relying solely on a common job description is not enough to show that potential members are similarly situated. *Id.*

If the court grants the motion to conditionally certify, it then will authorize plaintiff's counsel to provide putative plaintiffs with notice. *Long*, 292 F.R.D. at 299. District courts have wide discretion in facilitating notice to potential claimants. *Hoffman-La Roche Inc. v. Sperling*, 110 S. Ct. 482 (1989). This includes limiting the size of the proposed class, restricting duplicative notices, and altering the content of the notice. *See e.g., Moseman v. U.S. Bank Nat'l Ass'n*, No. 3:17-cv-481, 2018 WL 3616864 (W.D.N.C. June 12, 2018).

Stage two arises if and when the defendant files a motion for decertification. *Long*, 292 F.R.D. at 299. This generally occurs after discovery is complete. *Id.* At this more advanced stage of the litigation, the court will conduct the same "similarly situated" analysis but will apply a heightened fact-specific standard. *Id.* "Upon a determination that the plaintiffs established the burden of proving they are 'similarly situated,' the collective action proceeds to trial." *Id.* "On the contrary, if the court determines that the plaintiffs are in fact, not 'similarly situated,' the class is decertified and the original plaintiffs may proceed on their individual claims." *Id.*

"A collective action allows [FLSA] plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources," and "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Id.* at 170. "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority

to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 83). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.*

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiffs, current and former employees of Bank of America, sold Bank of America mortgage products and other mortgage-related loan products. *See* Doc. No. 1 at ¶ 1. They allegedly received no overtime pay for hours worked in excess of 40 hours per week because they were classified as "exempt" under the FLSA. *Id.* at ¶¶ 1-2. Bank of America accordingly did not keep track of Plaintiffs' time records or set work schedules. *Id.* at ¶ 38. Instead, Plaintiffs were paid on commission, although at least some positions received a guaranteed minimum salary. *See* Doc. No. 28-7 at 2-3. Pursuant to Bank of America policy, any commissions earned by Plaintiffs were first used to satisfy that minimum compensation and if the monthly commissions exceeded that amount, Plaintiffs were paid the additional compensation. *Id.*

Plaintiffs allege, however, that Bank of America misclassified them as "exempt" and therefore unlawfully denied them overtime and minimum wage. *See* Doc. No. 1 at ¶ 1. They filed this case in November 2023 and allege that Defendants Bank of America Corporation and Bank of America, N.A. (collectively, "Bank of America") willfully violated the FLSA by failing to compensate them for all hours worked. *Id.* at ¶¶ 132-142. They also bring state law claims under New York, Connecticut, South Carolina, and Florida wage and labor laws. *Id.* at ¶¶ 143-174. All of these state law claims are asserted as putative class actions. *Id.*

Plaintiffs filed this Motion for Conditional Collective Certification and Facilitated Notice (Doc. No. 20) in March 2024. In their motion, they seek only to conditionally certify an FLSA collective pursuant to 29 U.S.C. § 216(b). *See* Doc. No. 20-1 at 7. Once briefing concluded, the Court held a hearing on the motion on July 19, 2024. The Court took the motion seeking conditional collective certification under advisement, but ordered the parties to meet and confer and submit a revised proposed notice that better defined the putative collective by July 26, 2024. On July 24, 2024, Plaintiffs submitted a revised proposed notice that incorporated some of Defendants' requested revisions and objections. *See* Doc. No. 46. However, Plaintiffs appear to have submitted this new document without replying to Defendants' submission or addressing all of Defendants' questions about the notice. *See* Doc. No. 47-2 at 2-3. In fact, Plaintiffs appear to concede that they did not attempt to meet and confer because they informed the Court that they did "not believe that further exchanges between the parties will resolve any outstanding objection." Doc. No. 46 at 2.

After carefully reviewing both parties' proposed notices, the Court will define the collective and approve notice to them as described in this Order.

### III.    DISCUSSION

#### A.    <u>Conditional Collective Certification</u>

Plaintiffs seek to conditionally certify the following opt-in collective:

> current or former employees of Bank of America … who worked as Enterprise Lending Officers/Sr. Lending Officer (job code SM172), Sr. Wealth Management Lending Officer - Reg. (job code SM603), Sr. Wealth Management Lending Officer (job code SM604), WM Lending Officer (job code SM605), Sr. Financial Center Lending Officer – E (job code SM610), and/or Sr. PB Wealth Management [L]ending Officer (job code SM618) (collectively, "Loan Officers") on or after November 30, 2020.

Doc. No. 46-1 at 2. In support of their motion, Plaintiffs argue that they have sufficiently met the "similarly situated" standard, asserting that all members of this putative collective performed similar job duties and that all were "victims of Defendants' common policy, plan, or decision to not pay Loan Officers overtime wages for hours worked in excess of 40 hours in any workweek." Doc. No. 20-1 at 15. Specifically, they claim that Bank of America misclassified these employees as "exempt" for FLSA purposes. Plaintiffs submitted 18 declarations in support of their motion. *See* Doc. Nos. 20-3 – 20-20.

In response, Defendants first contend that Plaintiffs are not similarly situated because each "held different positions, with different duties and responsibilities, which they performed in different ways, and they fall within several different FLSA exemptions with distinct duties tests." Doc. No. 28 at 8. In their brief and at oral arguments, Defendants insisted that these differing job duties and the potential applicability of various FLSA exemptions will result in highly individualized discovery not appropriate for collective actions such as this one. Defendants further argue that Plaintiffs' proposed notice and consent to join suit are defective for a plethora of reasons, which the Court will address below. Lastly, in their Response, Defendants proffered a series of declarations arguing that some Plaintiffs held non-exempt positions, meaning they fall outside the proposed collective, and that at least one Named Plaintiff left Bank of America before the putative collective period even began. *Id.* at 15-16; Doc. No. 28-4 at 3-4.[1]

---

[1] At oral argument, when the Court asked Plaintiffs' counsel, who failed to respond to these allegations in the Reply brief, whether the identified Plaintiffs were eligible to be part of the proposed class, Plaintiffs curiously asserted that they required evidence from Bank of America to make that determination about their own clients. In fact, at multiple times during the hearing, Plaintiffs stated that Bank of America had the burden of proving various arguments. However, the burden of proof did and does remain with the Plaintiffs.

Having considered the parties' arguments and the limited record before the Court, the Court finds that in light of the "lenient" governing standard, the following collective should be conditionally certified:

> All current or former employees of Bank of America, N.A. who worked as Enterprise Lending Officers/Sr. Lending Officer (job code SM172), Sr. Wealth Management Lending Officer - Reg. (job code SM603), Sr. Wealth Management Lending Officer (job code SM604), WM Lending Officer (job code SM605), Sr. Financial Center Lending Officer – E (job code SM610), and/or Sr. PB Wealth Management lending Officer (job code SM618) on or after July 26, 2021 (or three years prior to the filing of this action for the Named Plaintiffs or three years prior to the date of their filed Consent to Join Suit for Plaintiffs who opted-in before conditional certification).

Accordingly, the Court has accepted Plaintiffs' proposed definition of the collective as to job positions but has set the time parameters (the "look back" period) differently.

To determine the look-back period that defines the collective, the Court must consider the relevant statute of limitations. The statute of limitations for an FLSA claim for unpaid overtime compensation is two years, unless the cause of action arises out of a willful violation, which extends the cause of action to three years. 29 U.S.C. § 255(a). The question of willfulness "is a factual issue often addressed on summary judgment or at trial" and the Court ought not decide it here. *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 835 (E.D. Va. 2008). Instead, because "judicial economy is served by conditionally certifying and providing notice to a larger rather than a smaller class," the Court will consider the three-year statute of limitations for purposes of the look-back period.

To evaluate when an FLSA action has commenced for a particular plaintiff, the Court uses "the date when the complaint is filed, if he is specifically named as a party plaintiff in his complaint and his written consent to become a party plaintiff is filed on such date in the court in

which the action is brought." 29 U.S.C. § 256(a). However, "if such written consent was not so filed or if his name did not so appear" the action is deemed to have commenced for a later filed plaintiff "on the subsequent date on which such written consent is filed in the court in which the action was commented." § 256(b). Thus, because the statute of limitations continues to run for opt-in plaintiffs until they file their individual consent to become a party, plaintiffs whose causes of action accrued more than three years before this Order is entered cannot satisfy the statute of limitations. Thus, the collective may only include individuals who held one of the identified job titles on or after July 26, 2021, not November 30, 2020.

As for Defendants' argument that the putative class is not "manageable" because it will require individualized, fact-specific inquiries, the Court finds that the putative collective is sufficiently manageable now that Plaintiffs have limited the scope of their collective to specific job titles that were allegedly classified as exempt. As alleged, employees in this putative collective were paid on the same commission basis (with the same guaranteed minimum compensation), had sufficiently similar job duties in that each was responsible for selling mortgages, and were subject to the same policies and standards. *See* Doc. No. 28 at 9-11, Doc. No. 28-4 at 4; *see also Klakulak v. Americahomekey, Inc.*, 3:11-CV-388-MOC, 2012 WL 13194972, at *1 (W.D.N.C. Mar. 1, 2012). Moreover, as Plaintiffs are only seeking conditional certification, such an inquiry into the merits of potential FLSA exemptions should be reserved for the decertification stage or for the merits of the dispute. *See Essame v. SSC Laurel Operating Co. LLC*, 847 F. Supp. 2d 821, 826 (D. Md. 2012) (stating that such a fact-intensive inquiry "delves too deeply into the merits of the dispute; such a steep plunge is inappropriate for such an early stage of a FLSA collective action"); *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 470 (E.D.N.C. 2010) ("[C]ourts have routinely recognized that where an employer has a

common practice of failing to pay employees for all hours worked, factual distinctions of the type claimed by [defendant] provide no basis to deny initial certification of a collective action under the FLSA.").

There are also sound policy reasons to grant Plaintiffs' motion for conditional certification. The FLSA provides a mechanism for employees to bring collective actions that give plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*

In sum, the Court finds that the putative members of this FLSA collective are similarly situated with regard to their responsibilities for selling mortgages, their alleged exempt status, and Defendants' policy and practice of not tracking their hours nor paying overtime for hours worked in excess of 40 hours per week. Of course, this conditional certification does not prejudge whether a class will ultimately be certified if Defendants pursue decertification and, at that time, the Court will reconsider Defendants' arguments.

**B.** **Notice**

Once a court decides to conditionally certify an FLSA collective, the next step is authorizing notice to putative plaintiffs. Plaintiffs ask the Court to authorize notification via mail, email, and text message. *See* Doc. No. 20-1 at 22-24. Additionally, they ask for a 90-day opt-in period and permission to issue one reminder notice to the collective via mail and email 45 days into the opt-in period. *Id.* at 20-22. Plaintiffs further request that Defendants provide an Excel

spreadsheet (or other similar computer-readable electronic format) within 14 days of this Order containing the name, last known address, email addresses, phone numbers, dates of employment and location(s) of employment for each putative collective member. *Id.* at 24. Plaintiffs specify in their most recent filing that they also seek "work numbers and addresses." Doc. No. 46-1 at 5. Defendants ask the Court to limit dissemination of notice to the home addresses, personal phone numbers, and personal email addresses of the putative collective members. *Id.* at 6. They further ask the Court to allow only written notice and to prevent Plaintiffs from calling potential plaintiffs to provide notice. *Id.*

This Court has broad discretion in determining how notice will be sent to putative plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). It is well settled that notice by email and mail are frequently permitted. *See, e.g., Rehberg v. Flowers Foods, Inc.*, No. 12-cv-596, 2013 WL 1190290 at *3 (W.D.N.C. Mar. 22, 2013). Courts often permit plaintiffs to disseminate notice via text message as well. *See Roldan v. Bland Landscaping Co., Inc.*, 3:20-CV-276-KDB-DSC, 341 F.R.D. 23, 35 (N.C.W.D. 2022). Thus, the Court will permit Plaintiffs to send *one* notice by mail, email, and text message (in the form ordered below) to members of the putative collective at the beginning of the opt-in period and it will further permit *one* reminder to be sent only by mail and email 45 days into the opt-in period.

The Court will not, however, authorize Plaintiffs to contact putative class members at their work addresses or by their work-related phone numbers. The Court also expressly prohibits Plaintiffs from using any form of oral notice (for example, speaking to individuals via phone call or leaving phone messages) and Plaintiffs are not permitted to contact or otherwise communicate with putative class members in any other manner than as authorized in the prior paragraph,

unless one of the putative plaintiffs initiates contact, in which case Plaintiffs may then respond to that individual.

The Court acknowledges that Defendants have requested that the Court order the use of a third-party administrator to distribute notice. In considering this request, the Court is mindful of the fact that Plaintiffs failed to follow the Court's order to appropriately meet and confer in submitting their revised proposed notice. Instead, "[i]n the interest of moving forward," they unilaterally filed their revised proposed notice without directly responding to Defendants' objections (although they did accept some of the revisions and acknowledged many areas of disagreement). *See* Doc. Nos. 46 at 2, 47 at 14, 47-1, 47-2.[2] However, in the absence of additional cause not to permit Plaintiffs to give notice and given this Court's consistent prior practice of allowing plaintiffs' counsel to facilitate notice, the Court will allow Plaintiffs' counsel to provide notice in this case, subject to the confidentiality and other restrictions set forth in this Order.

To protect the privacy interests of the potential class members, the Court will order that the parties maintain strict confidentiality over the putative collective members' contact information and use that information only for the limited purpose of providing the Notice authorized by the Court. Defendants are directed to produce such information to Plaintiffs' counsel within 14 days of this Court's Order.

---

[2] At the hearing, the Court ordered the parties to submit a joint revised proposed notice by Friday, July 26, 2024. Plaintiffs then promised to submit it on Monday, July 22, 2024. The Court, in response, expressly told the parties that while it welcomed earlier submission, it would not require it and mandated that the parties pursue a cooperative and joint process to prepare and submit a revised notice. Thus, the fact that Defendants did not accommodate Plaintiffs' unilaterally imposed deadline, particularly in light of the fact that Defendants needed to confer with their clients and still returned their comments before noon on Tuesday, July 23, 2024, does not justify Plaintiffs failure to appropriately meet and confer.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Plaintiffs' Motion for Conditional Collective Certification and Facilitated Notice (Doc. No. 20) is **GRANTED in part** and **DENIED in part;**

2.  The Court will grant Plaintiffs' motion for conditional collective certification with regards to the following defined class:

    > All current or former employees of Bank of America, N.A. who worked as Enterprise Lending Officers/Sr. Lending Officer (job code SM172), Sr. Wealth Management Lending Officer - Reg. (job code SM603), Sr. Wealth Management Lending Officer (job code SM604), WM Lending Officer (job code SM605), Sr. Financial Center Lending Officer – E (job code SM610), and/or Sr. PB Wealth Management lending Officer (job code SM618) on or after July 26, 2021 (or three years prior to the filing of this action for the Named Plaintiffs or three years prior to the date of their filed Consent to Join Suit for Plaintiffs who opted-in before conditional certification);

3.  Plaintiffs are permitted to send the approved notices below by mail, email, and text message to all putative collective members once and are further permitted to send a reminder notice by mail and email 45 days into the 90-day opt-in period;

4.  Plaintiffs may not otherwise provide notice or communicate with the members of the Collective (for example orally) except in response to a communication from a member of the Collective; and

5.  Defendants are ordered to produce to Plaintiffs counsel an electronic list of all putative collective members that includes members' full names, last known addresses, personal phone numbers, personal email addresses, and dates and location of employment within 14 days of this Order.

**SO ORDERED.**

Signed: July 26, 2024

Kenneth D. Bell
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**RUSSELL PFEFFER, ET AL. V. BANK OF AMERICA CORPORATION AND
BANK OF AMERICA N.A.,
CIVIL ACTION NO. 3:23-CV-00813-KDB-DCK**

# COURT-AUTHORIZED NOTICE OF A COLLECTIVE ACTION
# LAWSUIT AGAINST BANK OF AMERICA

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

RE:    **YOUR RIGHT TO JOIN A LAWSUIT SEEKING UNPAID OVERTIME PAY
AND MINIMUM WAGE UNDER THE FAIR LABOR STANDARDS ACT**

**RESPONSE DATE:** **[DATE 90 days from issuance of notice]**

*This is a Court-authorized notice. This is <u>not</u> a solicitation from a lawyer. You are not being
sued. This notice is to inform you of your right to participate in a lawsuit.*

This is notice is being sent to you as a current or former employee of Bank of America,
N.A. ("Bank of America") who worked as an Enterprise Lending Officer/Sr. Lending Officer
(job code SM172), Sr. Wealth Management Lending Officer - Reg. (job code SM603), Sr.
Wealth Management Lending Officer (job code SM604), WM Lending Officer (job code
SM605), Sr. Financial Center Lending Officer – E (job code SM610), and/or Sr. PB Wealth
Management Lending Officer (job code SM618) (collectively "Loan Officers") on or after
July 26, 2021.

A lawsuit alleging that Bank of America misclassified Loan Officers as exempt from
overtime and minimum wage requirements of the Fair Labor Standards Act ("FLSA") has
been filed in the United States District Court for the Western District of North Carolina (the
"FLSA Collective Action" or "Lawsuit"). Bank of America denies the allegations in the
Lawsuit and maintains that it properly classified and compensated Loan Officers. The Court
has authorized this Notice of your right to opt into the FLSA Collective Action by completing
and returning the enclosed Consent to Join. Though the Court has authorized the distribution
of this Notice, the Court has not made any rulings on the merits of the Plaintiffs' claims in the
Lawsuit and remains neutral.

Please carefully review this Notice for information regarding the FLSA Collective
Action and the opt-in process.

**YOU MUST SIGN AND RETURN THE ENCLOSED CONSENT TO JOIN NO LATER THAN [date 90 days from issuance of notice] IN ORDER TO PARTICIPATE IN THE FLSA COLLECTIVE ACTION AGAINST BANK OF AMERICA**

## 1. WHY DID I RECEIVE THIS NOTICE?

In an FLSA collective action, one or more people referred to as "Named Plaintiffs" sue on behalf of similarly situated current or former employees, in this case the Loan Officers defined above. With Court approval, similarly situated employees are notified of the lawsuit and their right to opt into the lawsuit by signing and returning a Consent to Join Form ("Opt-in Plaintiffs"). The Opt-In Plaintiffs are then represented by Plaintiffs' counsel and bound by the outcome of the lawsuit, as explained below.

This Notice is authorized by the United States District Court for the Western District of North Carolina. The purpose of this Notice is: (1) to inform you of the existence of a collective action lawsuit filed against Bank of America; (2) advise you of how your rights may be affected by this lawsuit; and (3) instruct you on the procedure for joining this lawsuit if you choose to do so.

You have been sent this Notice because Bank of America's employment records show that you were a Loan Officer on or after July 26, 2021.

## 2. DESCRIPTION OF THE LAWSUIT

The lawsuit alleges that Bank of America misclassified its Loan Officers as exempt from overtime and failed to pay compensation for hours worked in excess of 40 hours per workweek. The lawsuit alleges that Bank of America's failure to pay overtime violated the FLSA. Plaintiffs have sued to recover overtime for work weeks in which they performed work in excess of 40 hours per week, unpaid minimum wage, interest, and attorneys' fees.

Defendants deny the allegations of the lawsuit. The Court has not made any determination as to the merits of these allegations.

The lawsuit was filed on November 30, 2023, under the caption *Pfeffer et al. v. Bank of America Corporation et al.,* Case No. 3:23-cv-813, and is pending before U.S. District Judge Kenneth D. Bell in the United States District Court for the Western District of North Carolina, Charlotte Division.

## 3. YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| | |
|---|---|
| **RETURN THE "CONSENT TO JOIN" FORM** | If you are a Loan Officer as defined on page 1, you may choose to join this suit (that is, you may "opt in"). To opt in, you must submit a "Consent to Join" form. The Consent to Join form is enclosed with this notice. You may mail, fax, or e-mail the form to Plaintiffs' counsel (whose information is available in Section 4, below). |
| **DO NOTHING** | If you choose not to join this lawsuit, you will not be affected by any judgment in this lawsuit on this FLSA claim, whether favorable or unfavorable. If you choose not to join this lawsuit, you may file your own lawsuit and select the attorney of your choice. However, if you do not join this lawsuit, you will not be able to receive any money recovered in this lawsuit. |

## 4. HOW TO JOIN THIS LAWSUIT

Enclosed is a form called a "Consent to Join." **If you choose to join this lawsuit, it is extremely important that you read, sign, and promptly return the Consent to Join form** by mailing it to Plaintiffs' counsel at:

Lax & Neville, LLP

350 Fifth Ave.

Suite 4640

New York, NY 10118

You may also join the lawsuit by completing the Consent Form and faxing it to 212-566-4531 or emailing it to Plaintiff's counsel's firm administrator at: jgraf@laxneville.com.

**The signed Consent to Join form must be postmarked by, or otherwise received by e-mail or fax, by [a date 90 days from mailing of the notice].**

## 5. EFFECTS OF JOINING THE LAWSUIT

If you file a Consent to Join form by following the instructions, you will be bound by the judgment (the final result of the lawsuit), whether favorable or unfavorable (that is, whether the Plaintiffs win the case against Bank of America or not).

Plaintiffs' attorneys will **not** charge you directly for their work in this case. If there is no recovery (*i.e.*, if the Plaintiffs recover no money from Bank of America), you will not have to pay the attorneys for any of their work. If there is a recovery, Plaintiffs' attorneys will receive whatever attorneys' fees the Court orders. Those fees may be subtracted from the recovery obtained from Bank of America, or they may be paid separately by Bank of America, or they may be a combination of the two.

If you join this lawsuit, you are choosing to be represented by Plaintiffs' counsel and the Named Plaintiffs who brought this case to make decisions and agreements on your behalf concerning the lawsuit. These decisions and agreements will then be binding on you. If you opt-in to this lawsuit, you may or may not be asked to participate in the case by providing information, sending copies of documents in your possession to your lawyers, or testifying in a deposition or if there is a trial. Many plaintiffs will have no or a very limited role in the case and others will be required to do more. If you opt-in, Plaintiffs' counsel will communicate with you about your role, if any, in the case.

You may be aware, or become aware, that there is another case named *Weinstein, et. al., v. Bank of America, N.A.*, Index No. 607185/2024 which has been filed in New York State Court in Nassau County that brings similar claims to those that the Plaintiffs have brought in this Lawsuit. The parties in the *Weinstein* case have asked that court to issue notice informing the same proposed class of current and former employees receiving notice here of their right to participate in that case. The Court that authorized the Notice in this case is not involved in that separate case and does not know when or even if a notice will be issued. However, if you are given the opportunity to participate in a different case, you may choose only one case in which you participate (or decide to participate in neither of them). You are encouraged to carefully evaluate all your options, and the Court that authorized this Notice expresses no opinion and has no view as to whether or not you participate in this case, another case or no case at all.

## 6. EFFECTS OF NOT JOINING THE LAWSUIT (DOING NOTHING)

If you do nothing, you will not be entitled to share in any amounts recovered by the Plaintiffs, whether by judgment or settlement, for the FLSA claims in this case. You will not be affected by any decision regarding those claims, whether favorable or unfavorable, and will be free to hire your own lawyer and file your own FLSA lawsuit, should you so desire. Please be advised that the statute of limitations (time by which you must bring claims) is running and that, if you decide to bring claims on your own, you should consult an attorney.

## 7. NO RETALIATION PERMITTED

Federal law prohibits Bank of America from retaliating against you in any way (for example, firing you, giving you unfair reviews, cutting your pay, failing to promote you, etc.) for exercising your rights under the FLSA (for example, by joining this lawsuit or by providing evidence in support of the Plaintiffs).

## 8. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this Lawsuit you will be represented by Named Plaintiffs' attorneys. They are:

Lax & Neville, LLP
350 Fifth Ave.
Suite 4640
New York, NY 10118 Telephone: 212-696-1999
Facsimile: 212-566-4531
Firm administrator email: jgraf@laxneville.com

## 9. NO OPINIONS EXPRESSED AS TO THE MERITS OF THE CASE

This Notice is for the sole purpose of determining the identity of those persons who may be entitled to and wish to participate in this lawsuit. The Court has expressed no opinion regarding the merits of the Plaintiffs' claims or Bank of America's defenses, and your claims may be subject to later dismissal, such as if the Court ultimately finds that the claims lack merit or that they cannot be litigated on a collective basis.

## 10. THIS NOTICE HAS BEEN AUTHORIZED BY THE COURT

This notice and its contents have been authorized by the United States District Court for the Western District of North Carolina, the Honorable District Judge Kenneth D. Bell presiding. You are under no obligation to respond to this Notice.

## 11. QUESTIONS

If you have any questions, you may write, e-mail or call Plaintiffs' Counsel at the contact information provided in Section 8, above. You should not contact the Court with questions.


DATED: _____, 2024.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**


**RUSSELL PFEFFER, ET AL. V. BANK OF AMERICA CORPORATION AND**
**BANK OF AMERICA N.A.,**
**CIVIL ACTION NO. 3:23-CV-00813-KDB-DCK**


## COURT-AUTHORIZED REMINDER NOTICE OF A COLLECTIVE ACTION LAWSUIT AGAINST BANK OF AMERICA

*This is a court authorized reminder notice. This is <u>not</u> a solicitation from a lawyer. You are not being sued. This notice is to inform you of your right to participate in a lawsuit:*

**The [date] deadline to join the above-captioned lawsuit is approaching.**

You should already have received a copy of the enclosed Court-Authorized Notice of the collective action lawsuit brought on behalf of current and former employees of Bank of America who worked as an Enterprise Lending Officer/Sr. Lending Officer (job code SM172), Sr. Wealth Management Lending Officer - Reg. (job code SM603), Sr. Wealth Management Lending Officer (job code SM604), WM Lending Officer (job code SM605), Sr. Financial Center Lending Officer – E (job code SM610), and/or Sr. PB Wealth Management lending Officer (job code SM618) (collectively "Loan Officer") on or after July 26, 2021. The Notice explained that you have the right to opt into the lawsuit by returned the enclosed Consent to Join form. Though the Court has authorized the distribution of this Notice, the Court has not made any rulings on the merits of the Plaintiffs' claims in the Lawsuit and remains neutral. You are under no obligation to respond to this Notice.

**To participate in the lawsuit, you must sign and return the enclosed Consent to Join form. <u>It must be postmarked or otherwise received by Plaintiffs' Counsel no later than [date 45 days from mailing of the reminder notice]</u>.** If you do not wish to join the lawsuit, you need not do anything.

If you have any questions, or if you did not receive or no longer have the Notice, you should immediately contact Plaintiffs' counsel at 212-696-1999 or email the firm administrator at jgraf@laxneville.com.


DATED: _____, 2024


Encl.

**Proposed Text Message Notice:**

If you are or were employed by Bank of America and worked as a as a current or former employee of Bank of America who worked as an Enterprise Lending Officer/Sr. Lending Officer (job code SM172), Sr. Wealth Management Lending Officer - Reg. (job code SM603), Sr. Wealth Management Lending Officer (job code SM604), WM Lending Officer (job code SM605), Sr. Financial Center Lending Officer – E (job code SM610), and/or Sr. PB Wealth Management lending Officer (job code SM618) (collectively "Loan Officer") on or after July 26, 2021, you may be eligible to join a lawsuit for unpaid overtime wages and minimum wage. You can learn more about the case and how to join by reviewing the Notice and the Consent to Join form here: [==LINK to Notice== ==and Consent to Join form on Plaintiffs' Counsel's website==].

This message was approved by United States District Court for the Western District of North Carolina. Though the Court has authorized the distribution of this Notice, the Court has not made any rulings on the merits of the Plaintiffs' claims in the Lawsuit and remains neutral. You are under no obligation to respond. You may contact Plaintiffs' Counsel with questions at 212-696-1999 or email the firm administrator at jgraf@laxneville.com.

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00813-KDB-DCK**

**RUSSELL PFEFFER,
FRANK CRONIN,
ROGER ROJAS,
MUHAMED VRLAKU,
JASON AUERBACH,
DAVID DESSNER,
ADAM SHERMAN, AND
GRACE BOZICK,**

        **Plaintiffs,**

        **v.**

**BANK OF AMERICA
CORPORATION AND
BANK OF AMERICA N.A.,**

        **Defendants.**

---

## CONSENT TO JOIN SUIT

I, the undersigned, work or worked for Bank of America Corporation or Bank of America N.A. ("Bank of America") as an Enterprise Lending Officer/Sr. Lending Officer (job code SM172), Sr. Wealth Management Lending Officer - Reg. (job code SM603), Sr. Wealth Management Lending Officer (job code SM604), WM Lending Officer (job code SM605), Sr. Financial Center Lending Officer – E (job code SM610), and/or Sr. PB Wealth Management lending Officer (job code SM618) (collectively "Loan Officers") on or after July 26, 2021.

I choose to join the above-captioned lawsuit as a plaintiff seeking unpaid overtime and minimum wage under the Fair Labor standards Act ("FLSA"), 29 U.S.C. § 216(b).

I choose to be represented by Lax & Neville LLP ("Plaintiffs' Counsel"), and other attorneys they may choose to associate with. I authorize Plaintiffs' Counsel to take any steps necessary to pursue my claims, and I agree to be bound by my attorneys' decisions concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I understand that reasonable costs expended by Plaintiffs' Counsel on my behalf will be deducted from any settlement or judgment amount on a pro-rata basis among all other plaintiffs. I hereby agree to legal representation in this action by Plaintiffs' Counsel at a 33.33% contingency fee rate and understand and agree that they will receive the attorneys' fees the court approves as payment for their services.

Date: _____

Signature: _____

Print Name: _____

## **Further Information Regarding Consent to Join Form**

The information on this page will not be filed in the public record. This information will be used solely for Plaintiffs' Counsel to communicate with you and provide you with important, periodic case status and updates.

Print Name: _____

Print Address: _____

City, State, and ZIP: _____

Telephone Number(s):  Home: _____

         Work (Optional): _____

         Cell: _____

E-mail Address: _____

*To be valid, please return via email, facsimile, or mailed and postmarked by* <mark>**xx, 2024**</mark> *to:*

        **Jessica Graf, Office Manager Lax & Neville, LLP**

350 Fifth Ave.
Suite 4640
New York, NY 10118 Telephone: 212-696-1999
Facsimile: 212-566-4531 Email: Jgraf@laxneville.com

3