IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL CASE NO. 3:23-cv-00813-KDB-DCK

RUSSELL PFEFFER, DAVID DESSNER, )
ADAM SHERMAN, FRANK CRONIN, )
ROGER ROJAS, JASON AUERBACH, )
GRACE BOZICK, MUHAMED VRLAKU, )
and ALL OTHERS SIMILARLY SITUATED, )
                                                  )
    Plaintiffs,                               )
                                                  )
       v.                                     )
                                                  )
BANK OF AMERICA CORPORATION and )
BANK OF AMERICA, N.A., )
                                                  )
    Defendants.                    )
_____)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL**

Under 28 U.S.C. § 1292(b), Defendants Bank of America Corporation and Bank of America, N.A. ask this Court to certify for interlocutory appeal its July 26, 2024, Order granting conditional collective certification (Doc. 49) and to stay this action pending resolution of the appeal.

**I.    Summary of Argument**

This case presents a question that has so far evaded appellate review in the Fourth Circuit: what is the proper legal standard for conditional collective certification under the Fair Labor Standards Act ("FLSA")? This is a pure legal question, in response to which the Fifth Circuit, the Sixth Circuit, and at least one district court in this circuit have adopted far more stringent standards than the one this Court adopted and applied. And the question is an important one in the life of this and other cases. Notice being sent to other potential plaintiffs to join as additional plaintiffs

1

based on an admittedly "lenient" standard changes the course of this case. The Court should recognize the "pivotal and debatable" question here, and certify its order for appeal under § 1292(b). *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995).

It should also stay this action, including the dissemination of notice, until the appeal is resolved. Defendants acknowledge the concern raised by the Court in the July 19, 2024, hearing about the parties attempting to derive a strategic advantage with the timing on the notices that may be issued to the putative collective members in this action and *Weinstein, et al. v. Bank of America, N.A.*, Index No. 607185/2024 (the "*Weinstein* Action"). This motion is not being filed for purposes of delay or advantage. To that end, Defendants submit that, if the Court grants this motion, the Court should also equitably toll the putative collective members' FLSA claims asserted in this action from August 9, 2024, through the resolution of this motion and any interlocutory appeal. Further, if the Court grants this motion and if preliminary approval is granted to the settlement in the *Weinstein* Action, Defendants will ask the Nassau County court to stay issuance of notice of the settlement pending the resolution of this motion and any interlocutory appeal, so that, if there will be notices in both this and the *Weinstein* actions, those notices will issue simultaneously. That would allow the putative collective members to be fully informed of their options and intelligently choose the best course for themselves.

I.  **Background**

On November 30, 2023, Plaintiffs initiated this action by filing their Individual, Collective and Class Action Complaint alleging violations of the FLSA and the wage and hour laws of various states. Doc. 1; *see also* Doc. 8 (Amended Complaint). The crux of their claims is that the Bank

2

allegedly misclassified "Mortgage Loan Officers" as exempt under the FLSA and state law and thereby denied them minimum wage and overtime.

On April 25, 2024, three other Bank employees filed a complaint in the Supreme Court of New York, County of Nassau, likewise alleging that the Bank misclassified the same positions held by the Plaintiffs in this case as exempt under the FLSA and state law – the *Weinstein* Action.[1] The complaint was filed pursuant to a settlement agreement between Defendants and the plaintiffs in that action, and in accordance with that agreement, the *Weinstein* plaintiffs immediately moved for preliminary approval of the settlement. The Nassau County court has not yet ruled on the pending motion or directed that notice of the settlement be issued.

In this case, Plaintiffs moved for conditional collective certification and facilitated notice. Doc. 20. Defendants opposed the motion for two main reasons: (1) the pending settlement in the *Weinstein* Action and (2) Plaintiffs failure to show that the purported collective is "similarly situated," as required by 29 U.S.C. § 216(b).[2] Doc. 28 at 4–5. To determine if the collective satisfied the similarly situated requirement such that the Court should facilitate notice of the lawsuit to potential opt-in plaintiffs, Defendants urged the Court to adopt the Fifth Circuit's standard, as articulated in *Swales v. KLLM Trans. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021).

---

[1] In a third case, another former employee filed a putative collective and class action making the same allegations in the Southern District of New York. *Bolshakov v. Bank of America*, *N.A.,* Case No. 1:23-cv-10714-JGK (the "*Bolshakov* Action"), Doc. 1. Thereafter, plaintiffs in the *Bolshakov* Action joined the settlement in the *Weinstein* Action, and on June 17, 2024, the *Bolshakov* court stayed that action pending resolution of the *Weinstein* Action. *Bolshakov*, Case No. 1:23-cv-10714-JGK, Doc. 55.

[2] Under § 216(b), "[a]n action to recover the liability prescribed [under FLSA] may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*." 29 U.S.C. § 216(b) (emphasis added).

On July 26, 2024, this Court granted Plaintiffs' motion for conditional collective certification, approved notices to putative collective members, and ordered Defendants to produce to Plaintiffs' counsel a list of all putative collective members and their contact information. Doc. 49 ("Order") at 12. In granting the motion for conditional collective certification, the Court declined to follow the *Swales* standard and instead applied a two-step approach. *Id.* at 2. "[I]n light of the 'lenient' governing standard" it adopted, the Court found that "the following collective should be conditionally certified[.]" *Id.* at 7.

On July 25, 2024, Plaintiffs here filed a Complaint for Intervention and Motion to Intervene in the *Weinstein* Action. *See Weinstein* Action at Docs. 63, 64. Plaintiffs seek to stay the *Weinstein* Action pending a final judgment and order in the instant action. *See Weinstein* Action at Doc. 58.[3] During a hearing on July 31, 2024, the Nassau County court ordered supplemental submissions on Plaintiffs' stay request, which are due to the court on August 9, 2024.

## II.  Legal Standard

A district court may certify an order for interlocutory appeal when it is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

An application for an appeal pursuant to § 1292(b) does "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." *Id.* However, a district court may exercise its discretion to grant a stay pending resolution of an

---

[3] Defendants oppose that request, but as noted above, if the Court grants this motion and if preliminary approval is granted to the settlement in the Weinstein action, Defendants will ask the Nassau County court to stay issuance of notice of the settlement pending the resolution of this motion and any interlocutory appeal, so that, if there are going to be notices in both this and the Weinstein actions, those notices will go out at the same time.

4

interlocutory appeal. *See Karanik v. Cape Fear Acad., Inc.*, No. 7:21-cv-169, 2022 WL 16556774, at *6 (E.D.N.C. Oct. 31, 2022) (citation omitted).

**III. Argument**

Defendants seek certification so the Fourth Circuit may provide much needed clarity on the proper standard for determining who is "similarly situated" under § 216(b). The question is: what legal standard governs whether to certify a collective action under FLSA? As the Fifth Circuit observed, this question "has been under-studied" but its "importance cannot be overstated." *Swales*, 985 F.3d at 443.

Recognizing this, several district courts have certified this question for interlocutory review under § 1292(b) and the Fifth and Sixth Circuit have agreed to hear those appeals. *See id.* at 433; *Clark v. A&L Homecare & Training Ctr., LLC,* 68 F.4th 1003, 1008 (6th Cir. 2023). This Court, too, should grant an interlocutory appeal to allow the Fourth Circuit to weigh in on this pressing and unresolved question.

Further, in the interest of judicial economy and in recognition of the fact that once notice issues it cannot be retracted, this Court should exercise its discretion to stay this case and the issuance of notice until the appeal resolves this important question of law.

**a. There are substantial grounds for difference of opinion.**

As courts have disagreed on the proper "similarly situated" standard, "there is substantial ground for difference of opinion" under § 1292(b).

"[A]n interlocutory appeal will lie only if a difference of opinion exists between courts … creating the need for an interlocutory appeal to resolve the split or clarify the law." *KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., Inc.*, 250 B.R. 74, 82 (E.D. Va. 2000) (emphasis excluded). "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue …. [The question is] whether courts themselves disagree as

5

to what the law is." *Avadis v. Azar*, No. 3:21-cv-514-MOC-DSC, 2022 WL 4088201, at *3 (W.D.N.C. Sept. 6, 2022) (cleaned up and citations omitted). "A substantial ground for disagreement may arise … if there is a circuit split and the controlling circuit has not commented on the conflicting issue." *Id.* (citation omitted).

There is a circuit split on this issue. Lacking guidance from the Supreme Court and Congress, courts have gone one of two broad paths. First, as this Court did, many district courts have followed the *Lusardi* two-step certification approach in which they first conditionally certify a class under a "fairly lenient" standard and then, at the end of merits discovery, reconsider the question.[4] *Clark,* 68 F.4th at 1008 (discussing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 361 (D.N.J. 1987)). Second, other courts more rigorously enforce the "similarly-situated" test earlier in the litigation. In the Fifth Circuit, courts "rigorously enforce" the similarly-situated requirement, including using evidence to determine whether employees are "actually similar" before sending any notice. *Swales,* 985 F.3d at 434. The Sixth Circuit recently agreed with the Fifth Circuit in rejecting the "lenient" *Lusardi* standard, and devised a test in which "the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark,* 68 F.4th at 1011.

In the wake of this widening circuit split, as this Court and others have observed, "the Fourth Circuit has not provided guidance." Order at 2; *see also Firestone v. Food Concepts, LLC,*

---

[4] While Defendants are not aware of any Courts of Appeals decisions adopting and *requiring* district courts to follow the two-step approach, several circuits have "endorsed" it. *See, e.g.*, *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018); *Morgan v. Fam. Dollar Stores, Inc.,* 551 F.3d 1233, 1260 (11th Cir. 2008) ("While not requiring a rigid process for determining similarity, we have sanctioned a two-stage procedure. . . ."); *Davella v. Ellis Hosp., Inc.*, No. 1:20-cv-726, 2024 WL 98352, at *5 (N.D.N.Y. Jan. 9, 2024) (citations omitted) ("[W]hile the Second Circuit has found the two-step approach to be 'sensible' and has 'endorsed' the approach, it has not formally adopted a specific test for conditional class certification.").

No. 2:22-CV-04020-BHH, 2024 WL 578454, at *3 (D.S.C. Feb. 13, 2024) (noting that "the Fourth Circuit remains silent on this issue"); *Mathews v. USA Today Sports Media Grp., LLC*, No. 1:22-cv-1407, 2023 WL 3676795, at *3 (E.D. Va. April 14, 2023) ("The Fourth Circuit has adopted neither the *Lusardi* test nor the Fifth Circuit's view"). And, in the face of the Fourth Circuit's silence, courts within this circuit have split on the proper standard. *Contrast Firestone,* 2024 WL 578454, at *3 (applying *Lusardi*) *with Mathews,* 2023 WL 3676795*,* at *3 (finding the *Lusardi* framework "flawed" and instead following *Swales*). As the *Mathews* Court found, "the Fifth Circuit's approach is the better one" because "the *Lusardi* test has no basis in the FLSA's statutory language," and creates an "opportunity for abuse" based on the *Lusardi* two-step procedure "intensify[ing] settlement pressure no matter how meritorious the action." 2023 WL 3676795, at *3.

True, a number of other district courts have disagreed with *Mathews*, including this case. But this Court need not think it was wrong to recognize the disagreement and acknowledge that interlocutory appeal is warranted. *See Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 14 (2001) ("[A] trial court may certify a question for interlocutory appeal while continuing to find that its own resolution of that question was correct.").

Other courts across the country—including those in this circuit—are handling what should be an identical FLSA collective process in very different ways. Resolving that problem requires certification from this Court under § 1292(b) to allow the Fourth Circuit to weigh in.

### b. The proper standard for certification is a controlling question of law.

What standard to apply for collective certification is also a "controlling question of law" under § 1292(b).

A question of law is an "an abstract legal issue that the court of appeals can decide quickly and cleanly." *United States ex rel. Michaels v. Agape Senior Cmty.*, 848 F.3d 330, 340 (4th Cir.

7

2017) (citation omitted). "The kind of question best adapted to discretionary interlocutory review is a narrow question of pure law. . . ." *Hood v. Capstone Logistics, LLC*, No. 3:22-cv-00292-RJC-SCR, 2024 WL 3282464, at *2 (W.D.N.C. July 2, 2024) (citation and alteration omitted).

The question posed here—what is the legal standard for collective certification under the FLSA—is a pure legal question. *See Clark*, 68 F.4th at 1009 (holding that the identical question "is one of law").

The question of law here is also "controlling." To be controlling, the resolution of a question need not "completely dispose of this case." *Hengle v. Asner*, No. 3:19-cv-250, 2020 WL 855970, at *8 (E.D. Va. Feb. 20, 2020). It must only "materially affect the outcome of the litigation." *Id.* (cleaned up); *see also* 16 Wright & Miller § 3930 (3d ed.) ("[A] question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants").

As the resolution of the question will affect whether there is a group of similarly situated potential plaintiffs to whom the Court should facilitate notice and, thus, the size of the collective, the question of what standard to apply is controlling. If the Fourth Circuit affirms this Court's application of the "lenient" conditional certification standard, the size of the collective and the number of individuals entitled to notice will be as it is now. Order at 7 ("Having considered the parties' arguments and the limited record before the Court, the Court finds that in light of the 'lenient' governing standard, the following collective should be conditionally certified[.]"). If, however, the Fourth Circuit follows in the steps of the Fifth and the Sixth Circuits and adopts a more stringent standard, this Court will have to engage in a more detailed, strict analysis from the outset of the case, and may conclude that issuing notice to additional individuals (or as many additional individuals) is not warranted, minimizing the impact of a later decertification.

8

Case 3:23-cv-00813-KDB-DCK     Document 51-1     Filed 08/02/24     Page 8 of 15

Conditionally certifying a collective also has significant practical impacts on the case. As the Sixth Circuit observed, "the decision to send notice of an FLSA suit to other employees is often a dispositive one, in the sense of forcing a defendant to settle—because the issuance of notice can easily expand the plaintiffs' ranks a hundredfold." *Clark,* 68 F.4th at 1007. Cases "usually" settle before reaching the second step of the *Lusardi* framework. *Id.* The Fifth Circuit too noted the "formidable settlement pressure" of sending notice. *Swales,* 985 F.3d at 436. As the Eastern District of Virginia found in certifying an identical question for appeal, "the size of the collective depends on the Fourth Circuit's decision and directly bears on the potential outcome of settlement proceedings and the scope of damages." *Thomas v. Maximus, Inc.*, No. 3:21-cv-498, 2022 WL 1482008, at *6 (E.D. Va. May 10, 2022).[5]

### c. The immediate appeal from this order may advance this litigation.

Finally, an interlocutory appeal "may materially advance the ultimate termination of the litigation" under § 1292(b).

This requirement "is closely tied to the requirement that the order involve a controlling question of law." 16 Wright & Miller § 3930 (3d ed.) ("If the present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate"); *see also Avadis* 2022 WL 4088201, at *4 (noting that "substantially shorten[ing] the litigation" suffices).

Because the resolution of this question could impact the issuance of notice, it would advance the litigation. In certifying this question for interlocutory appeal before the Sixth Circuit,

---

[5] A divided panel of the Fourth Circuit declined the interlocutory appeal in *Thomas.* July 7, 2022, Order, Doc. 17 in *Maximus, Inc. v. Thomas,* No. 22-185 (4th Cir.) (Wynn, J., voted to grant). That split panel offered no rationale and denied review at a time (two years ago) when *Swales* stood alone. Since *Thomas*, the Sixth Circuit accepted § 1292(b) review of the same question and joined *Swales* in setting a higher bar for collective certification, and at least one district court in this circuit has agreed. *See Clark*, 68 F.4th at 1011; *Mathews*, 2023 WL 3676795, at *3. Now, with two circuits having spoken on this issue and district courts in this circuit disagreeing, the issue is even more ripe for appellate review by the Fourth Circuit.

9

the Southern District of Ohio found just that. As it explained, the resolution of the proper standard "would impact the size of the collective and the time it takes to litigate the case." *Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731, 747 (S.D. Ohio 2021), *vacated and remanded sub nom. Clark*, 68 F.4th 1003 (6th Cir. 2023). And, "[t]he size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation. So an immediate appeal may move this litigation along." *Id.; see also Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (noting that denying an interlocutory appeal would result in "uncertainty … [which] may delay settlement … and by doing so further protract the litigation"). The same is true here—under a different standard, this Court may certify a significantly smaller collective or decline to certify a collective all together.

Similarly, the standard for a conditional FLSA collective cannot coherently be reviewed at the end of the litigation. *See* 16 Wright & Miller § 3930 (3d ed.) ("Interlocutory appeals … serve the additional purposes … of providing a vehicle for appellate review of issues that characteristically evade review on appeal from a final judgment."). By the time a final judgment is issued, "the notice issue will be moot … [because the defendant] has provided the required contact information and notice has been sent to putative collective members." *JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019). Thus, interlocutory review is the only means in which the Courts of Appeals can consider this question.

### d. The Court should stay this action pending resolution of the appeal.

Like the courts in *Swales* and *Clark,* this Court should exercise its discretion to stay the case pending resolution of this motion and this appeal. *Swales,* 985 F.3d at 439 (noting the district court stayed the case pending resolution of the interlocutory appeal); August 13, 2021 Order Granting Motion to Stay, *Holder v. A&L Home Care & Training Ctr., LLC*, No. 1:20-cv-00757 (Doc. 33) (S.D. Ohio).

A stay is in the interest of judicial economy. *See Landis v. North American Co*., 299 U.S. 248, 254 (1936) (explaining that "[a] court has broad discretion to stay proceedings before it in the interests of economy of time and effort for itself, for counsel, and for litigants."). Under the Court's current order, notice will immediately be sent to a large group of putative collective members. Order at 12. But, if the Fourth Circuit determines that a different "similarly situated" standard applies, no notice may ever need to issue or may issue to a shorter list of potential plaintiffs. Thus, without a stay, notice would have issued to individuals who should not have received it. *Am. Home Assur. Co. v. Vecco Concrete Const. Co. of Virginia*, 629 F.2d 961, 964 (4th Cir. 1980) (noting "considerations of judicial economy … militate in favor of staying the entire action").

The stay is necessary to preserve this question for interlocutory appeal. In certifying this question in the *Clark* appeal, the Southern District of Ohio found just that. As it explained, without a stay, "an appeal would be rendered meaningless if the parties move forward with the same two-step certification process that has been certified for immediate appeal." August 13, 2021, Order Granting Motion to Stay, Doc. 33, *Holder*, No. 1:20-cv-00757. In that case, the harm Defendants seek to avoid—the overly-broad issuance of notice—will occur before the Fourth Circuit has a chance to consider the appeal. As the First Circuit aptly observed, "[t]hough federal courts possess great authority, they lack the power, once a bell has been rung, to unring it." *CMM Cable Rep.,*

11

*Inc. v. Ocean Coast Properties, Inc.*, 48 F.3d 618, 621 (1st Cir. 1995); *see also* In re Citizens Bank, N.A., 15 F.4th 607, 622 (3d Cir. 2021) ("[A]n appeal that comes too late can almost never unscramble the egg"). Simply put, once notice is issued, it cannot be retracted.

The insurance of notice also threatens to moot the appeal. *JPMorgan Chase & Co.*, 916 F.3d at 499 (noting that once notice is issued, the notice issue is moot). If an interlocutory appeal "can no longer serve the intended harm-preventing function" because the harm has already occurred, it presents no judicial controversy for the Court of Appeals. *CMM Cable Rep., Inc.*, 48 F.3d at 621; *see also Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016) ("[An] interlocutory appeal may be moot even though the underlying case still presents a live controversy."). To allow for adequate appellate review, this Court must stay the issuance of notice.

To prevent prejudice to putative collective members to whom this Court authorized notice in its Order, the Court should equitably toll their FLSA claims asserted in this action from August 9, 2024, through the resolution of this motion and any interlocutory appeal. In the Fourth Circuit, equitable tolling is appropriate "where extraordinary circumstances beyond the plaintiffs' control made timely filing impossible." *Hansen v. Waste Pro of S.C., Inc.*, No. 2:17-cv-02654, 2020 WL 1892243, at *8 (D.S.C. Apr. 16, 2020) (citation and internal quotations omitted). An interlocutory appeal is an extraordinary circumstance. Therefore, it is well within this Court's discretion to equitably toll putative collective members' claims pending resolution of this interlocutory appeal.

And, as noted above, if the Court grants this motion and if preliminary approval is granted to the settlement in the *Weinstein* Action, Defendants will ask the Nassau County court to stay issuance of notice of the settlement pending the resolution of this motion and any interlocutory appeal. If this Court and the *Weinstein* court stay their respective actions, then the notice in each case can go out simultaneously so that the putative collective members are informed of their

options and can intelligently choose the best course for themselves. The procedural complexities of this case need not prevent the Court from certifying this important question for interlocutory appeal.

In sum, "the circumstances of [this] particular case" favor a stay pending resolution of the motion and appeal. *Karanik*, 2022 WL 16556774, at *6 (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

### IV. Conclusion

For the foregoing reasons, this Court should grant Defendants' Motion for Interlocutory Appeal of its July 26, 2024 Order, and should grant a stay pending resolution of the appeal.

Respectfully submitted, this the 2nd day of August 2024.

/s/ Meredith A. Pinson
Meredith A. Pinson (N.C. Bar No. 39990)
mpinson@mcguirewoods.com
McGuireWoods LLP
201 North Tryon Street, Ste. 300
Charlotte, North Carolina 28202
704.343.2252 / 704.353.6171 (Facsimile)

Rebecca W. Lineberry (*Admitted pro hac vice*)
rlineberry@mcguirewoods.com
McGuireWoods LLP
500 East Pratt Street, Ste. 1000
Baltimore, Maryland 21202
410.659.4414 / 410.659.4475 (Facsimile)

*Attorneys for Defendants*

## CERTIFICATE PURSUANT TO THIS COURT'S JUNE 18, 2024 STANDING ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the above-referenced Standing Order, the undersigned hereby certifies as of August 2, 2024 that:

- No artificial intelligence was employed in doing the research for the preparation of this document, or the exhibits thereto, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

- Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ Meredith A. Pinson  
Meredith A. Pinson (N.C. Bar No. 39990)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of August 2024, a copy of the foregoing was served by electronic notification on all parties registered with this Court's CM/ECF system to receive notices for this case.

/s/ Meredith A. Pinson
Meredith A. Pinson (N.C. Bar No. 39990)