IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL CASE NO. 3:23-cv-00813-KDB-DCK

| | |
|---|---|
| RUSSELL PFEFFER, DAVID DESSNER, ADAM SHERMAN, FRANK CRONIN, ROGER ROJAS, JASON AUERBACH, GRACE BOZICK, MUHAMED VRLAKU, and ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION and BANK OF AMERICA, N.A., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' REQUEST FOR MODIFICATION OF COURT-APPROVED NOTICE**

Defendants Bank of America Corporation and Bank of America, N.A., by counsel, respectfully request that the Court modify the Court-authorized notice approved by the Court (Doc. 49) as described below:

1. On Friday, July 26, 2024, the Court entered an Order that granted in part and denied in part Plaintiffs' Motion for Conditional Collective Certification and Facilitated Notice (Doc. 20). As part of the Order, the Court included approved notices to be disseminated based on the parties' drafts.

2. During the meet and confer process to prepare the draft notices, undersigned counsel alerted Plaintiffs' counsel that their proposed notice inaccurately stated that the named plaintiffs would represent the opt-in plaintiffs. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) ("In light of the history underlying the amendments to the FLSA, it is not surprising that § 216(b) is a fundamentally different creature than the Rule 23

class action. Even if the § 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him, *see* 29 U.S.C. § 216(b), he has no right to represent them.").

3. Plaintiffs' counsel agreed with undersigned counsel's position because they amended the proposed notice to eliminate the language indicating that Plaintiffs would represent the opt-ins in this litigation. However, it appears that the Court inadvertently included one reference stating that the Plaintiffs would represent the opt-ins. Specifically, the third paragraph of Section 5 states in pertinent part: "If you join this lawsuit, you are choosing to be represented by Plaintiffs' counsel and the Named Plaintiffs who brought this case to make decisions and agreements on your behalf concerning the lawsuit. These decisions and agreements will then be binding on you." (Doc. 49, p. 17.)

4. In order to correct this language to comport with the status afforded to opt-in party plaintiffs under 29 U.S.C. § 216(b), Defendants request that this language be modified to remove the reference to representation by the Named Plaintiffs and to state: "If you join this lawsuit, you are choosing to be represented by Plaintiffs' counsel to make decisions and agreements on your behalf concerning the lawsuit. These decisions and agreements will then be binding on you."

5. A redline of the notice showing these proposed changes is attached as **Exhibit 1**. A clean version of the proposed modified notice is attached as **Exhibit 2**.

6. Pursuant to Local Rule 7.1 (b), the undersigned counsel conferred with Plaintiffs' counsel regarding the proposed modification contained herein. Plaintiffs' counsel do not consent to the modification proposed by Defendants.

Respectfully submitted, this the 2nd day of August 2024.

/s/ Meredith A. Pinson
Meredith A. Pinson (N.C. Bar No. 39990)
mpinson@mcguirewoods.com

McGuireWoods LLP
201 North Tryon Street, Ste. 3000
Charlotte, North Carolina 28202
704.343.2252 / 704.353.6171 (Facsimile)

Rebecca W. Lineberry (*Admitted pro hac vice*)
rlineberry@mcguirewoods.com
McGuireWoods LLP
500 East Pratt Street, Ste. 1000
Baltimore, Maryland 21202
410.659.4414 / 410.659.4475 (Facsimile)

*Attorneys for Defendants*

**CERTIFICATE PURSUANT TO THIS COURT'S JUNE 18, 2024 STANDING ORDER
IN RE: USE OF ARTIFICIAL INTELLIGENCE**

Pursuant to the above-referenced Standing Order, the undersigned hereby certifies as of August 2, 2024 that:

- No artificial intelligence was employed in doing the research for the preparation of this document, or the exhibits thereto, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

- Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ Meredith A. Pinson
Meredith A. Pinson (N.C. Bar No. 39990)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of August 2024, a copy of the foregoing was served by electronic notification on all parties registered with this Court's CM/ECF system to receive notices for this case.

                                            /s/ Meredith A. Pinson
                                            Meredith A. Pinson (N.C. Bar No. 39990)