## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:23-CV-00813-KDB-DCK

| | |
|---|---|
| **FRANK CRONIN,**<br>**RUSSELL PFEFFER,**<br>**ROGER ROJAS,**<br>**MUHAMED VRLAKU,**<br>**JASON AUERBACH,**<br>**DAVID DESSNER,**<br>**ADAM SHERMAN, AND**<br>**GRACE BOZICK,**<br><br>     **Plaintiffs,**<br><br>     **v.**<br><br>**BANK OF AMERICA**<br>**CORPORATION AND**<br>**BANK OF AMERICA N.A.,**<br><br>     **Defendants.** | <u>**ORDER**</u> |

     **THIS MATTER** is before the Court on Defendants' Motions for Interlocutory Appeal and Stay Pending Appeal (Doc. No. 51) and for Temporary Stay Pending this Court's Ruling on Defendants' Motion to Certify for Interlocutory Appeal (Doc. No. 52). The Court has carefully considered this motion and the applicable legal authority. For the reasons briefly discussed below, the Court will **DENY** the motions.

     In their Motion for Interlocutory Appeal and Stay Pending Appeal, Defendants urge the Court to certify an interlocutory appeal so that the Fourth Circuit may rule on the proper standard for determining who is "similarly situated" under the Fair Labor Standards Act. *See* Doc. No. 51-1 at 5. They argue that the Fifth and Sixth Circuits utilize a different approach than the one used by other Circuits and, importantly here, most district courts in the Fourth Circuit, which has not

1

expressly ruled on the issue. However, the Court concludes that it should follow the guidance of the Fourth Circuit and Supreme Court and decline to certify this question for interlocutory appeal.

In *Thomas v. Maximus, Inc.*, the district court certified an interlocutory appeal for the following question: "What legal standard should courts apply when deciding whether to certify a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b)?" No. 3:21CV498 (DJN), 2022 WL 1482010, at *9 (E.D. Va. May 10, 2022). It did so after making an initial determination that it would follow the two-step approach set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Id.* at *2. The *Thomas* court also expressly rejected the approach advocated by Defendants in this case from the Fifth Circuit, *Swales v. KLLM Transp. Servs., LLC,* 985 F.3d 430 (5th Cir. 2021). *Id.* at *4. Specifically, the court reasoned that there was "no compelling reason to deviate from twenty years of established precedent" and emphasized that the Fifth Circuit decision was not binding on the court, "the refusal of multiple district courts within the Fourth Circuit to apply *Swales*," the lack of guidance from either the Fourth Circuit or Supreme Court on the issue, and the fact that other Courts of Appeals have declined to adopt *Swales*. *Id.; see also In re Albertsons*, No. 21-2577, 2021 WL 4028428, at *2 (7th Cir. Sept. 1, 2021).

Both the Fourth Circuit and Supreme Court then impliedly spoke on this issue as the case progressed. The Fourth Circuit denied permission to appeal[1] and denied the subsequent petition for rehearing and rehearing en banc. *See Maximus, Inc. v. Thomas*, No. 22-185 (4th Cir. 2022) (Orders Denying Motion for Permission to Appeal and Petition for Rehearing and Rehearing En Banc). The original panel then unanimously denied the defendant-petitioner's motion to stay the

---

[1] Defendants acknowledge in their brief that the Fourth Circuit declined the interlocutory appeal in the first instance. Doc. No. 51-1 at 9 n.5. However, they failed to note the subsequent appellate history of the case before the Fourth Circuit and Supreme Court. *Id.*

Fourth Circuit's mandate pending filing of a writ of certiorari. *Id.* (Order Denying Motion to Stay Mandate).

The defendant-petitioner then filed an emergency application in the Supreme Court for a stay of the district court's order granting conditional certification, arguing that the Fourth Circuit's "decision to leave the district court's ruling undisturbed conflicts with the Fifth Circuit's decision in *Swales.*" Application for a Stay at 17, *Maximus, Inc. v. Thomas*, No. 22A164 (S. Ct. 2022). The application also noted that the Sixth Circuit had recently accepted an interlocutory appeal on the question of what standard to apply when conditionally certifying a FLSA collective in *In re A&L Home Care & Training Ctr.*, No. 21-305 (6th Cir. 2022). *Id.* at 17 n.2. The Supreme Court denied the application. *Maximus, Inc. v. Thomas*, No. 22A164, 2022 WL 20619441, at *1 (U.S. Sept. 1, 2022).

Thus, this Court finds that the Fourth Circuit and Supreme Court have provided guidance on this issue and concludes that this question is not suitable for an interlocutory appeal. The Court will accordingly deny Defendants' request to certify this question for interlocutory appeal. It will also deny the requests for a stay pending appeal and stay pending review of this motion as moot.

**SO ORDERED.**

Signed: August 5, 2024

Kenneth D. Bell
United States District Judge