IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL CASE NO. 3:23-cv-00813-KDB-DCK

| | |
|---|---|
| RUSSELL PFEFFER, DAVID DESSNER, ADAM SHERMAN, FRANK CRONIN, ROGER ROJAS, JASON AUERBACH, GRACE BOZICK, MUHAMED VRLAKU, and ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION and BANK OF AMERICA, N.A., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL NAMED PLAINTIFFS TO RESPOND FULLY
TO THEIR FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Bank of America Corporation and Bank of America, N.A. ("Defendants" or "Bank of America"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 33 and 34, hereby move to compel Named Plaintiffs Russell Pfeffer, David Dessner, Adam Sherman, Frank Cronin, Roger Rojas, Jason Auerbach, Grace Bozick, and Muhamed Vrlaku ("Named Plaintiffs") to provide information and documents responsive to the written discovery requests below.

The Named Plaintiffs have frustrated discovery in this matter by requesting multiple extensions, promising repeatedly to supplement some of their document productions and written responses, but then failing to properly respond. Despite Defendants' repeated efforts to meet and confer on these discovery issues since as early as July 2024, Named Plaintiffs have not amended or supplemented their responses. Therefore, judicial intervention is necessary and, as discussed

herein, the Court should compel complete responses and the production of documents in response to the requests discussed herein.

**PROCEDURAL HISTORY OF DISCOVERY AND EFFORTS TO MEET AND CONFER**

On May 3, 2024, Defendants served their First Set of Interrogatories and Request for Production of Documents directed to each Named Plaintiff and the Opt-In Plaintiffs as of that date. Counsel for Plaintiffs requested, and the undersigned counsel agreed, to extend the response deadline by thirty days up through and including July 2, 2024. Counsel for Plaintiffs then requested an additional week to respond, which the undersigned counsel, again, granted.

On July 11, 2024, counsel for Named Plaintiffs served Named Plaintiffs' responses to the First Set of Interrogatories and Requests for Production of Documents. (**Exhibit A**: July 11, 2024 Email.) In doing so, Named Plaintiffs offered largely boilerplate, improper and baseless objections, and, without explanation, produced zero documents along with the limited written responses offered.[1] Then on July 16, 2024, Named Plaintiffs produced notarized copies of their Interrogatory responses. (**Exhibit B**: Named Plaintiff Russell Pfeffer's Responses to Defendants' First Request for Production of Documents and Responses to Defendants' First Interrogatories.)[2]

---

[1] Named Plaintiffs' counsel did not offer any explanation as to why the early Opt-In Plaintiffs failed to provide responses to Defendants' requests. Rather, Named Plaintiffs' counsel only later explained during an August 14, 2024 call that they believed written discovery on the Opt-In Plaintiffs was not authorized by the Case Management Order. The parties recently filed a joint plan regarding opt-in discovery for the Court's consideration. To the extent the Court grants this Motion (whether in whole or in part), Defendants request that the relief ordered by the Court be similarly binding on any comparable discovery requests served on Opt-In Plaintiffs after the Court has the opportunity to rule on the parties' forthcoming opt-in discovery proposals.

[2] Because Named Plaintiffs' responses are mostly the same, Defendants have only included one set of Named Plaintiffs' responses so as to not burden the Court with many pages of duplicate responses and objections. Should the Court desire each Named Plaintiff's responses, Defendants will produce them.

On July 26, 2024, the undersigned counsel sent a deficiency letter to Named Plaintiffs' counsel. (**Exhibit C**: July 26, 2024 Correspondence.) In that letter, the undersigned counsel asked that Named Plaintiffs provide amended responses and documents by August 5, 2024. (*Id.*)

On August 9, 2024, counsel for Plaintiffs advised Defendants' counsel by email that they were "preparing to amend or supplement [their] responses to certain requests, which [they]'ll summarize in a written response." (**Exhibit D**: August 9, 2024 Email from Matthew Plant.) Named Plaintiffs' counsel, Mr. Plant, also asked for a call to meet and confer the following week. (*Id.*) On August 13, 2024, Named Plaintiffs made an initial production of documents of 51 pages of documents, of which thirty pages was Bank of America's Incentive Plan Manual.

Counsel for the parties met thereafter via telephone conference on August 14, 2024. During the call, Named Plaintiffs' counsel again promised to supplement and amend certain responses and explained to defense counsel they had prepared a letter specifying their clients' positions in response to Defendants' July 26 correspondence. The undersigned counsel asked Named Plaintiffs' counsel for a copy of the letter to fully understand Named Plaintiffs' specific positions as to each discovery issue and facilitate a more meaningful discussion.

Named Plaintiffs' counsel eventually sent the letter they promised on August 26. (**Exhibit E**: August 26, 2024 Correspondence.) Instead of narrowing the outstanding discovery issues to reach solutions without Court intervention, with their August 26 letter, Named Plaintiff's counsel only created further confusion about the discovery issues in question. (*Id.*). Named Plaintiffs' counsel raised new discovery issues and focused on issues and requests with which Defendants did not take issue in their July 26 correspondence or August 14 conversation. (*Id.*) The letter, however, again promised that Named Plaintiffs would amend certain responses. (*Id.*)

On September 27, 2024, and having still received no amendment or supplementation from the Named Plaintiffs, defense counsel sent yet another correspondence to Named Plaintiffs' counsel in an attempt to reach a compromise on at least some of the discovery matters without involving this Court. (**Exhibit F**: September 27, 2024 Correspondence.) Counsel for Defendants asked for supplemental responses and documents by October 4, 2024. (*Id.*)

On October 7, 2024, counsel for Plaintiffs stated that they were reviewing the letter and would respond shortly. (**Exhibit G**: October 7, 2024 Email from Matthew Plant.) On October 8, Named Plaintiffs produced *four* more pages of documents.

On October 9, 2024, the undersigned counsel asked Named Plaintiffs' counsel when they could expect a more fulsome response to their September 27, 2024 letter. (**Exhibit H**: October 9, 2024 Email from Meredith Pinson.) Counsel for Named Plaintiffs never directly responded to their inquiry. Instead, over a month later on November 20, 2024, Named Plaintiff Vrlaku produced an image of a portion of his 2020 W-2 from Defendants and nothing further.

Since being served with discovery requests in May 2024, the *eight* Named Plaintiffs combined have produced a total of *fifty-six* pages of documents—consisting only of select W-2s and payslips issued by Defendants and Defendants' WMLO Incentive Plan Manual. They have further never amended or supplemented their responses—other than producing five additional pages of documents—despite their repeated promises to do so.

**ARGUMENT**

I. **Legal Standard.**

Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

4

Case 3:23-cv-00813-KDB-DCK    Document 123-1    Filed 12/06/24    Page 4 of 16

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection when "a party fails to answer an interrogatory submitted under Rule 33" and when "a party fails produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Dmarcian, Inc. v. BV*, 2024 U.S. Dist. LEXIS 73070, at *3-4 (W.D.N.C. Apr. 22, 2024) (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010)). "The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court." *Id.* at *4.

**II.    The Court Should Compel Named Plaintiffs to Produce the Information and Documents Set Forth Below.**

   *A.    Named Plaintiffs Should be Compelled to Produce the Documents They Have Represented That They Would Produce Since August (Requests for Production Nos. 3, 5, 10, 15, 16, 17, 18, 20, 21, 22).*

Named Plaintiffs have represented that in response to Request Nos. 3, 5, 10, 15, 16, 17, 18, 20, 21, 22 they would produce the following documents: (A) "portions of any diaries, calendars, appointment books, or other logs of dates and/or events that reflect overtime hours worked," (B) "any communications with the Bank's management or supervisory employees which relate to any fact relevant to Plaintiff's allegations," (C) "any communications with the Bank's human resources

department which relate to any fact relevant to Plaintiff's allegations," (D) "any communications with any employee of the Bank which relate to any fact relevant to Plaintiff's allegations," (E) written statements and/or affidavits obtained by Named Plaintiffs or their agents regarding any fact, allegation, or defense in the action; (F) documents regarding Named Plaintiffs' contention the Bank willfully failed to pay them; and (G) documents regarding Named Plaintiffs' contention the Bank willfully misclassified them. (Exh. B at Nos. 3, 5, 10, 15, 16, 17, 18, 20, 21, 22.)

Despite these representations, they have produced none of these documents. The Named Plaintiffs have had since May 2024 to search for and collect these documents. Given their repeated empty promises to supplement their responses to these requests and ample time to do so, Defendants respectfully request that Named Plaintiffs be compelled to: (1) respond to Requests 3, 5, 10, 15, 16, 17, 18, 20, 21, 22 with responsive documents; or (2) if no such responsive documents can be located following a diligent search, amend their responses to reflect the same.

> B.  *Named Plaintiffs Should be Compelled to Produce Documents and Information Regarding How Named Plaintiffs Performed Their Jobs with Defendants and Their Subsequent Employment in the Mortgage Loan Industry (Requests for Production 4, 6, 8, and Interrogatory No. 12).*

Defendants seek: (1) documents that describe how the Named Plaintiffs performed any mortgage loan officer position held with the Bank from January 1, 2017 to the present (Request for Production No. 4); (2) documents that relate to any employment application made from January 1, 2017, to the present that contain descriptions of how Named Plaintiffs described their job duties while employed by Defendants[3] (Request for Production No. 6); (3) names and contact information for individuals who have information regarding Named Plaintiffs' work schedule and job duties

---

[3] Defendants agreed to limit this Request to only application documents that include descriptions of how Named Plaintiffs performed their job duties while employed by Bank of America.

while employed by Bank of America (Interrogatory No. 12); and (4) documents regarding Named Plaintiffs' subsequent employment in the mortgage loan industry, such as offer letters, employment agreements, commission / incentive plans or summaries of those plans (Request for Production No. 8).

Contrary to Named Plaintiffs' objections on the basis of relevance and proportionality, the requested information and documents are relevant to the claims and defenses in this lawsuit and proportional to the needs of this case. How Named Plaintiffs performed their mortgage loan officer positions with Defendants gets at the very heart of the issues in this case – that is, whether the manner in which Named Plaintiffs performed their jobs supports their exempt classification under the FLSA. Therefore, information and documents describing how the Named Plaintiffs performed these roles with Bank of America should be produced. This includes documents submitted with any employment application, such as resumes and cover letters, in which Named Plaintiffs may have described the manner in which they performed their mortgage loan officer roles and the names and contact information who have information regarding Named Plaintiffs' schedules and job duties while employed by Bank of America.

Named Plaintiffs should similarly be compelled to produce documents regarding their subsequent employment in the mortgage loan industry, in particular any applicable compensation schemes, including offer letters, commission and incentive plans or summaries, and any employment agreements. These documents are relevant to Named Plaintiffs' broad assertions regarding the state of the mortgage lending industry, including their allegation in the Amended Complaint suggesting that Defendants are the only company that classifies loan officers as exempt under the FLSA. (Doc. No. 8 at ¶ 3.) Named Plaintiffs should, therefore, be compelled to produce

these documents to test these allegations, especially if Named Plaintiffs plan to rely on these allegations to support their contention that their classification as exempt was willful.

For these reasons, Named Plaintiffs should be compelled to produce: (1) documents that describe how the Named Plaintiffs performed any mortgage loan officer position held with the Bank from January 1, 2017 to the present (Request for Production No. 4); (2) documents that relate to any employment application made from January 1, 2017, to the present that contain descriptions of how Named Plaintiffs described their job duties while employed by Bank of America (Request for Production No. 6); (3) names and contact information for individuals who have information regarding Named Plaintiffs' work schedule and job duties while employed by Bank of America (Interrogatory No. 12); and (4) documents regarding Named Plaintiffs' subsequent employment in the mortgage loan industry, such as offer letters, employment agreements, commission / incentive plans or summaries of those plans (Request for Production No. 8).

### C. *Named Plaintiffs Should be Compelled to Produce Documents and Information Concerning Their Community Organizations (Request for Production No. 9 and Interrogatory No. 11).*

Request for Production No. 9 requests: "All documents that refer to, relate to, discuss or describe your membership in or affiliation with any civic, social, community, and/or professional organizations identified in response to Interrogatory No. 11." Interrogatory No. 11 requests Plaintiffs "identify any and all civic, social, community, and/or professional organizations of which you have been a member or with which you have been affiliated since January 1, 2017, including the dates of membership or affiliation." Named Plaintiffs refuse to produce any documents or information responsive to these requests and, instead, lodged boilerplate objections that the requests are overly broad and not proportional to the needs of the case.

Contrary to their improper objections, Named Plaintiffs' civic, social, community, and/or professional organizations are relevant to the claims at issue and defenses in this case. Whether and how Named Plaintiffs may have networked and engaged with various civic and community organizations outside of their home or office in order to generate business is relevant to how they did their job duties for Bank of America and whether their exempt classification was proper.

Pursuant to 29 C.F.R. § 541.503, promotional work, such as participating in chamber of commerce meetings, industry meetings, and other organizations to solicit clients and referrals outside of the office when performed "incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work." 29 C.F.R. § 541.503. Indeed, in *Hartman v. Prospect Mortg., LLC*, 11 F. Supp. 3d 597, 603 (E.D. Va. 2014), the Eastern District of Virginia granted an employer's motion for summary judgment and ruled that a loan officer was properly classified as exempt under the outside sales exemption, in part, because of the plaintiff's participation in chamber of commerce meetings.

Thus, Request for Production No. 9 and Interrogatory No. 11 seek documents and information critical to Defendants' defenses in this matter—that Named Plaintiffs were properly classified as exempt, including some under the outside sales exemption—and Named Plaintiffs should be compelled to provide the information and documents requested.

> D. *Named Plaintiffs Should Be Compelled to Produce Responsive Documents and Information Dating Back to January 1, 2017 (Interrogatory Nos. 8, 11, 12 and Request for Production Nos. 4, 6, 15, 19).*

Named Plaintiffs repeatedly object that Defendants' requests are overbroad and unduly burdensome because they seek documents and information prior to the beginning of the statute of limitations on Named Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") or state law claims.

Named Plaintiffs' objections are baseless and improper for a number of reasons. As an initial matter, the Amended Complaint includes class claims with limitations periods of longer duration than the FLSA collective limitations period – some dating back to November 30, 2017. On this ground alone, Named Plaintiffs should be compelled to provide responsive documents and information dating back to January 1, 2017, as this extends back only a few months prior to the longest applicable statute of limitations.

Moreover, contrary to Named Plaintiffs' objections, discovery is not limited to the FLSA collective or class time frame. In *Byard v. Verizon W. Va.*, 2013 U.S. Dist. LEXIS 931 (N.D.W. Va. Jan. 2, 2013), for example, when similarly presented with the question of whether discovery requests could seek information outside of the three-year FLSA statute of limitations, the court held that the plaintiff was entitled to information up to five years prior to the filing of the action or prior to the implementation of the rounding policy that was in question. *Id.* at *37.

Here, documents and information relating to a reasonable period of time outside of the statute of limitations is particularly relevant given the impact of the COVID-19 pandemic and the manner in which the Named Plaintiffs performed their jobs. Therefore, Defendants should be entitled to discovery from a reasonable period of time prior to the COVID-19 pandemic to support this defense.[4] Accordingly, Named Plaintiffs should be compelled to produce information and documents dating back to January 1, 2017, as requested in Interrogatory Nos. 8, 11, 12 and Request for Production Nos. 4, 6, 15, 19.

> E. *Named Plaintiffs Should be Compelled to Produce Their Tax Returns (Request for Production No. 19).*

---

[4] Extending back to January 2018 is insufficient given that some of the class claims extend back to 2017.

Document Request No. 19 requests each Named Plaintiff's federal and state tax returns, including all attachments and schedules thereto from 2017 to present.[5] Each Named Plaintiff objects to providing his or her tax documents on the basis that the request is not proportional to the needs of the case and irrelevant to Defendants' misclassification.

Contrary to the Named Plaintiffs' objections, Named Plaintiffs should be compelled to produce these documents. Tax returns have been deemed discoverable where (1) they are relevant to a matter in dispute, and (2) the information is not available from other sources. *Interstate Narrow Fabrics, Inc. v. Century United States, Inc.*, 2004 U.S. Dist. LEXIS 3839, at *4 (M.D.N.C. Feb. 24, 2004).

Here, both prongs are satisfied. The Named Plaintiffs' tax documents are relevant to this matter because the tax documents will show whether Named Plaintiffs claimed any business expenditures related to their employment with Bank of America, such as paying for memberships in trade groups or organizations or travel for conferences. As discussed above, *see infra,* Section II.C., participation in these types of trade organizations or networking events and conferences is relevant to whether Named Plaintiffs were exempt under the outside sales exemption.

The tax documents will likewise show whether Named Plaintiffs had any employment outside of Bank of America. Named Plaintiffs allege that they consistently worked an average of at least 60 hours per week, (Doc. Nos. 20-3 – 20-10), and the tax returns will reveal whether Named Plaintiffs were also working another job, which would discredit their declarations that they consistently worked more than forty hours per week in the course of their employment with Bank of America.

---

[5] The Parties have entered into a protective order. (Doc. No. 31). As Defendants explained in their July 26, 2024 letter, these documents can be produced pursuant to the protective order. Defendants are willing to treat these documents as "Highly Confidential."

The second prong of the test is also satisfied. Defendants cannot seek this information from an alternative source because, as explained herein, Named Plaintiffs have failed to provide any substantive responses to their interrogatories. For example, Defendants sought information and documents regarding Named Plaintiffs' civic and community organizations, and Named Plaintiffs refused to provide that information. *See infra,* Section II.C.

Accordingly, the Named Plaintiffs should be compelled to produce their tax documents for years 2017 to present, which Defendants will designate as "Highly Confidential" pursuant to the parties' protective order. If the Court does not compel Named Plaintiffs to produce their full tax returns as requested, Defendants respectfully request that Named Plaintiffs be compelled to produce information showing: (1) any business expenses while employed by Bank of America; and (2) any other employment that Named Plaintiffs maintained while also employed by Bank of America.

> F. *Named Plaintiffs Should be Compelled to Produce the Information Requested in Interrogatories 13 Through 16.*

Interrogatories 13 through 16 seek facts regarding Named Plaintiffs' contentions in their Amended Complaint that: (1) the Bank classified them as exempt; (2) Defendants' misclassification of them was willful; (3) Defendants failed to pay them minimum wage and overtime; and (4) Defendants' failure to pay them minimum wage and overtime was willful. Named Plaintiffs objected to these requests as overbroad and unduly burdensome, premature, and protected by the attorney work product privilege, and referred Defendants to their allegations in their Amended Complaint.

Named Plaintiffs' objections are improper. These interrogatories merely seek facts from Named Plaintiffs to support the allegations in their Amended Complaint. Thus, their assertions that these interrogatories are overbroad and unduly burdensome are baseless.

These interrogatories are also not premature. *See Kariuki v. N.C. Dep't of Ins.*, 2021 U.S. Dist. LEXIS 84641, at *1 (E.D.N.C. Apr. 23, 2021) (explaining that objections that a party "has not fully completed discovery" and "discovery in this case is ongoing" are improper). Defendants are entitled to factual information supporting the Named Plaintiffs' allegations known to them now. To allow Named Plaintiffs to withhold this information in response to these requests, and later supplement their responses at the close of discovery, would be prejudicial to Defendants, preventing Defendants from testing these answers through further written discovery or depositions. Therefore, Named Plaintiffs should be compelled to answer Interrogatories 13 through 16 now.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order compelling Plaintiffs to provide all information and documents responsive to the Interrogatories and Requests as set forth herein.

Respectfully submitted, this the 6th day of December 2024.

/s/ *Meredith A. Pinson*
Meredith A. Pinson (N.C. Bar No. 39990)
mpinson@mcguirewoods.com
McGuireWoods LLP
201 North Tryon Street, Ste. 3000
Charlotte, North Carolina 28202
704.343.2252 / 704.353.6171 (Facsimile)

Rebecca W. Lineberry (*Admitted pro hac vice*)
rlineberry@mcguirewoods.com
McGuireWoods LLP
500 East Pratt Street, Ste. 1000
Baltimore, Maryland 21202
410.659.4414 / 410.659.4475 (Facsimile)

*Attorneys for Defendants*

## FED. R. Civ. P. 37 and LOCAL RULE 7.1 CERTIFICATION

In accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1, this is to certify that the undersigned has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

This the 6th day of December 2024.

*/s/ Meredith A. Pinson*
Meredith A. Pinson (N.C. Bar No. 39990)
mpinson@mcguirewoods.com
McGuireWoods LLP
201 North Tryon Street, Ste. 3000
Charlotte, North Carolina 28202
704.343.2252 / 704.353.6171 (Facsimile)

Rebecca W. Lineberry (*Admitted pro hac vice*)
rlineberry@mcguirewoods.com
McGuireWoods LLP
500 East Pratt Street, Ste. 1000
Baltimore, Maryland 21202
410.659.4414 / 410.659.4475 (Facsimile)

*Attorneys for Defendants*

# CERTIFICATE PURSUANT TO THIS COURT'S JUNE 18, 2024 STANDING ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the above-referenced Standing Order, the undersigned hereby certifies as of December 6, 2024 that:

- No artificial intelligence was employed in doing the research for the preparation of this document, or the exhibits thereto, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

- Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Meredith A. Pinson*
Meredith A. Pinson (N.C. Bar No. 39990)

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2024, a copy of the foregoing was served by electronic notification on all parties registered with this Court's CM/ECF system to receive notices for this case.

*/s/ Meredith A. Pinson*
Meredith A. Pinson (N.C. Bar No. 39990)
