IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-813-KDB-DCK

| | |
|---|---|
| RUSSELL PFEFFER, et al., ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA CORPORATION ) | |
| and BANK OF AMERICA N.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Bank Of America Corporation And Bank Of America, N.A.'s Motion To Compel Named Plaintiffs To Respond To Their First Set Of Interrogatories And Request For Production Of Documents" (Document No. 123) filed December 6, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion in part and deny the motion in part as described herein.

I.  BACKGROUND

Plaintiffs Russell Pfeffer, David Dessner, Adam Sherman, Frank Cronin, Roger Rojas, and Jason Auerbach (collectively, the "Original Named Plaintiffs") initiated the instant action on behalf of themselves and all others similarly situated with the filing of an "Individual, Collective, And Class Action Complaint" (Document No. 1) on November 30, 2023. Plaintiffs filed an "Amended Individual, Collective And Class Action Complaint" (Document No. 8) (the "Amended Complaint") on February 29, 2024, which included Grace Bozick and Muhamed Vrlaku as additional Named Plaintiffs (together with the Original Named Plaintiffs, the "Named Plaintiffs").

The Amended Complaint alleges that the "Named Plaintiffs were Mortgage Loan Officers ("MLOs") employed by Bank of America" and that Bank of America "systematically misclassified Named Plaintiffs and thousands of loan officers across the country as exempt employees under the FLSA and state labor laws" and "then, apparently on the basis of this misclassification, simply did not track or pay overtime to Named Plaintiffs and thousands of other loan officers across the country for at least seven years." (Document No. 8, pp. 1–2). Named Plaintiffs bring the instant action "to recover the overtime and minimum wage Bank of America willfully failed to pay them." Id. at p. 2.

The Amended Complaint alleges violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, violations of the New York Labor Law, violations of the Connecticut Wage Laws, violations of the South Carolina Wage Laws, violations of the Florida Wage Laws, violations of the North Carolina Wage Laws, and violations of the New Jersey Wage Laws. Id. at pp. 38–51. The Amended Complaint requests "notice and certification of an FLSA collective pursuant to 29 U.S.C. § 216(b)" and contains allegations of a New York class, a Connecticut class, a South Carolina class, a Florida class, a North Carolina class, and a New Jersey class for purposes of asserting the respective state labor and wage law claims as putative class actions. Id. at pp. 3, 17–38. On July 26, 2024, Judge Bell entered an Order (Document No. 49) granting in part and denying in part "Plaintiff's Motion For Conditional Collective Certification And Facilitated Notice" (Document No. 20).

On December 6, 2024, Defendants filed the "…Motion To Compel Named Plaintiffs To Respond To Their First Set Of Interrogatories And Request For Production Of Documents" (Document No. 123). "Plaintiffs' Memorandum Of Law In Opposition To Defendants' Motion To Compel Discovery" (Document No. 125) was filed on December 20, 2024. Defendants' "Reply

In Support Of Defendants' Motion To Compel…" (Document No. 126) was filed on December 27, 2024.

On February 19, 2025, the undersigned entered an Order (Document No. 129) outlining the scope and schedule of discovery in response to the "Joint Motion Submitting Parties' Respective Proposals Regarding Discovery" (Document No. 122). At the parties' joint request, the case deadlines have been recently further revised as follows: opening expert reports – **July 16, 2025**; rebuttal expert reports – **September 10, 2025**; and fact discovery completion – **September 30, 2025**. (Document No. 138).

The pending motion to compel is now ripe for review and disposition.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1945). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial

3

discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## III. DISCUSSION

By the instant motion, Defendants seek an order compelling Named Plaintiffs to supplement the following discovery responses: Interrogatories 8, 11, 12, 13, 14, 15, and 16; and Requests For Production ("RFP") Nos. 3, 4, 5, 6, 8, 9, 10, 15, 16, 17, 18, 19, 20, 21, and 22. (Document No. 123-1). The undersigned will consider Defendants' requests in turn.

### A. Requests For Production Nos. 3, 5, 10, 15, 16, 17, 18, 20, 21, 22

Defendants assert Named Plaintiffs have represented they would produce the following documents in response to RFP Nos. 3, 5, 10, 15, 16, 17, 18, 20, 21, and 22: (a) "portions of any diaries, calendars, appointment books, or other logs of dates and/or events that reflect overtime hours worked"; (b) "any communications with the Bank's management or supervisory employees which relate to any fact relevant to Plaintiff's allegations"; (c) "any communications with the Bank's human resources department which relate to any fact relevant to Plaintiff's allegations"; (d) "any communications with any employee of the Bank which relate to any fact relevant to Plaintiff's allegations"; (e) "written statements and/or affidavits obtained by Named Plaintiffs or their agents regarding any fact, allegation, or defense in the action"; (f) "documents regarding Named Plaintiffs' contention the Bank willfully failed to pay them"; and "documents regarding Named Plaintiffs' contention the Bank willfully misclassified them." (Document No. 123-1, pp. 5–6); see also (Document No. 123-3, pp. 4–13). Defendants contend Named Plaintiffs "have produced none of these documents," despite having had since May 2024 to search for and collect them. (Document No. 123-1, p. 6).

4

Named Plaintiffs respond that Defendants knew before filing the instant Motion to Compel "that Named Plaintiffs had produced the very limited compensation documents in their possession," had "conducted a diligent search but [had] not been able to locate responsive documents," and "could never supplement their production with numerous internal Bank of America documents and communications because they do not and could not have those documents in their possession." (Document No. 125, p. 11). Plaintiffs contend "Bank of America's Motion with respect to these requests is moot and should be denied." Id.

Defendants reply that they "remain skeptical that not one of the eight Named Plaintiffs has any documents reflecting that they worked more than forty hours in a week, or not a single communication with their management, supervisors, human resources, or any other employee with the Bank regarding their allegations." (Document No. 126, p. 10). Defendants request that "if that truly is the case, …the Court compel Named Plaintiffs to amend their discovery responses to reflect that he or she has conducted a diligent search and such documents do not exist as contemplated by the Federal Rules of Civil Procedure." Id.

In light of Named Plaintiffs' stated intentions to produce the above documents, the undersigned agrees with Defendants that such production is appropriate. To the extent Named Plaintiffs have not completed this production, they are respectfully directed to do so. If, as Named Plaintiffs contend, they have produced all such responsive documents that can be located following a diligent search, they are respectfully directed to amend their discovery responses accordingly.

**B. Documents and Information Regarding How Named Plaintiffs Performed Their Jobs with Defendants and Their Subsequent Employment in the Mortgage Loan Industry (Requests for Production 4, 6, 8, and Interrogatory No. 12)**

Defendants next seek:

    (a) "documents that describe how the Named Plaintiffs performed any mortgage loan officer position held with the Bank from January 1, 2017 to the present (Request for Production No. 4)";

    (b) "documents that relate to any employment application made from January 1, 2017 to the present that contain descriptions of how Named Plaintiffs described their job duties while employed by Defendants (Request for Production No. 6)";

    (c) "names and contact information for individuals who have information regarding Named Plaintiffs' work schedule and job duties while employed by Bank of America (Interrogatory No. 12)"; and

    (d) "documents regarding Named Plaintiffs' subsequent employment in the mortgage loan industry, such as offer letters, employment agreements, commission/incentive plans or summaries of those plans (Request for Production No. 8)."

(Document No. 123-1, pp. 6–7).

Defendants argue "the requested information and documents are relevant to the claims and defenses in this lawsuit and proportional to the needs of this case." Id. at p. 7. Defendants contend "[h]ow Named Plaintiffs performed their mortgage loan officer positions with Defendants gets at the very heart of the issues in this case—that is, whether the manner in which Named Plaintiffs performed their jobs supports their exempt classification under the FLSA." Id. Defendants contend documents regarding subsequent employment "are relevant to Named Plaintiffs' broad assertions regarding the state of the mortgage lending industry." Id.

In response, Plaintiffs contend RFP No. 4 "would include every document or communication with anyone dating back seven years that was about work." (Document No. 125, pp. 12–13). Named Plaintiffs contend they "already agreed to produce, to the extent in their possession, 'calendars, appointment books, call logs, notes, phone records, emails, texts, performance reports, reviews, rankings and evaluations,' which Bank of America, and not Plaintiffs, already have." Id. at p. 13. Named Plaintiffs contend that "[b]eyond this, undertaking a search for generic 'relate to' or 'refer to' 'how Plaintiff performed'…would be vastly overbroad

6

and burdensome." Id. Named Plaintiffs similarly object to the breadth and burden of Interrogatory No. 12 as written. With respect to RFP 8, Plaintiffs argue the compliance of Named Plaintiffs' subsequent employers with the FLSA "is not competent evidence to establish 'industry standards,' and Bank of America does not indicate the claim or defense to which it contends 'industry standards' are relevant, if it contends 'industry standards' are relevant." Id. at pp. 15–16.

Defendants reply that "these documents are undeniably relevant and proportional given the scope of this case." (Document No. 126, p. 6).

The undersigned is persuaded that (b) "documents that relate to any employment application made from January 1, 2017 to the present that contain descriptions of how Named Plaintiffs described their job duties while employed by Defendants (Request for Production No. 6)" and (d) "documents regarding Named Plaintiffs' subsequent employment in the mortgage loan industry, such as offer letters, employment agreements, commission/incentive plans or summaries of those plans (Request for Production No. 8)" constitute relevant requests in this case. But the requests as initially written, for "[a]ll documents that relate to any application for employment made or submitted by Plaintiff" (RFP No. 6) and "[a]ll documents that refer to, relate to, discuss or describe your employment, if applicable, after the Bank" (RFP No. 8), appear overbroad. (Document No. 123-3, pp. 6–7). The undersigned will thus compel production under these requests as follows:

- Regarding RFP 6: Named Plaintiffs shall produce all documents *submitted in connection with job applications* during the applicable time period that contain descriptions of how Named Plaintiffs performed their respective job duties while employed by Defendants.

- Regarding RFP 8: Named Plaintiffs shall produce all responsive documents *created by subsequent employers in the mortgage loan industry*.

7

Defendants' requests for "[a]ll documents that refer to, relate to, discuss or describe how [Named Plaintiffs] performed any mortgage loan officer position held with the Bank" (Request for Production No. 4) and "the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom [Named Plaintiffs] believe may have knowledge or information pertaining to [their] work schedule and how [they] performed [their] job in the course of [their] employment with the Bank" (Interrogatory No. 12)" appear similarly overbroad. See, e.g., (Document No. 123-3, pp. 5, 21). Named Plaintiffs persuasively assert that they "specifically identified Request 4 and Interrogatory 12 as among those the parties could likely agree to reasonably narrow and define," but "Bank of America refused to meet and confer on either one." (Document No. 125, p. 14). The undersigned will accordingly decline to compel production on such overbroad requests.

### C. Documents and Information Concerning Named Plaintiffs' Community Organizations (Request for Production No. 9 and Interrogatory No. 11)

Defendants next move to compel responses to Interrogatory No. 11, which asks Named Plaintiffs to identify "any and all civic, social, community, and/or professional organizations of which [they] have been a member or with which [they] have been affiliated since January 1, 2017, including the dates of membership or affiliation," and Request For Production No. 9, which seeks "[a]ll documents that refer to, relate to, discuss or describe [Named Plaintiffs'] membership in or affiliation with any civic, social, community, and/or professional organizations identified in Interrogatory No. 11." (Document No. 123-3, pp. 7, 21).

Defendants contend that "Named Plaintiffs' civic, social, community, and/or professional organizations are relevant to the claims at issue and defenses in this case." (Document No. 123-1, p. 9). Defendants assert "[w]hether and how Named Plaintiffs may have networked and engaged with various civic and community organizations outside of their home or office in order to generate

8

business is relevant to how they did their job duties for Bank of America and whether their exempt classification was proper." Id. Defendants contend that "[p]ursuant to 29 C.F.R. § 541.503, promotional work, such as participating in chamber of commerce meetings, industry meetings, and other organizations to solicit clients and referrals outside of the office when performed 'incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work.'" Id. (quoting 29 C.F.R. § 541.503).

Named Plaintiffs respond that Defendants' requests on this point "would obviously sweep in political, religious, activist, and numerous other affiliations that are private, potentially sensitive, and certainly none of Named Plaintiffs' former employer's business." (Document No. 125, p. 17). Named Plaintiffs further contend that Defendants have maintained these requests as written "for the obvious purpose of harassing, intimidating and potentially embarrassing Named Plaintiffs." Id. Named Plaintiffs also dispute the relevance of these requests to any exemption defense. Id. at pp. 18–19.

Defendants reply that "[b]ased on the nature of their jobs, Defendants expect that at least some of the Named Plaintiffs sourced new clients and mortgage lending opportunities external to the Bank by engaging in community development, external networking, and other outside sales activities to develop and maintain a network of referral sources." (Document No. 126, p. 4). Defendants contend "[t]his type of sourcing falls within the outside sales exemption to the FLSA" and "Defendants are, therefore, entitled to information on how Named Plaintiffs did this type of sourcing." Id.

The undersigned agrees with Named Plaintiffs that the requests as written are overbroad and of questionable relevance to Defendants' exemption argument. Defendants rely on the statutory provision exempting "employees employed…in the capacity of outside salesman" from

9

the FLSA's minimum wage and maximum hour requirements. 29 U.S.C. § 213(a)(1). "An 'outside salesman' primarily makes sales and regularly works away from the employer's place of business." E.M.D. Sales, Inc. v. Carrera, 604 U.S. 45, 48 (2025). As Defendants contend, "[p]romotional work that is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work." 29 C.F.R. § 541.503(a).

Named Plaintiffs contend Defendants could have served "a still objectionable but at least rationally related interrogatory that asked whether a Named Plaintiff 'networked or engaged…in order to generate business' at any 'civic, social, community, and professional organization' and, if so, to identify it." (Document No. 125, p. 17). In the interest of permitting robust discovery, the undersigned will direct Named Plaintiffs to produce responses to this narrowed interrogatory they have proposed. However, the undersigned will respectfully decline to compel further production on this point.

### D. Responsive Documents and Information Dating Back to January 1, 2017 (Interrogatory Nos. 8, 11, 12, and Request for Production Nos. 4, 6, 15, 19)

Defendants next argue that "the Amended Complaint includes class claims with limitations periods of longer duration than the FLSA collective limitations period—some dating back to November 30, 2017," and that "[o]n this ground alone, Named Plaintiffs should be compelled to provide responsive documents and information dating back to January 1, 2017, as this extends back only a few months prior to the longest applicable statute of limitations." (Document No. 123-1, p. 10). Defendants contend "discovery is not limited to the FLSA collective or class time frame." Id. Defendants further contend that "[h]ere, documents and information relating to a reasonable period of time outside of the statute of limitations [are] particularly relevant given the impact of the COVID-19 pandemic and the manner in which the Named Plaintiffs performed their jobs." Id.

10

Case 3:23-cv-00813-KDB-DCK    Document 139    Filed 06/03/25    Page 10 of 16

Named Plaintiffs respond:

> First, with respect to documents they agreed to search for and produce in response to these requests, the search for documents in the possession of Named Plaintiffs Sherman, Cronin, Rojas and Vrlaku, members of the putative New York and New Jersey classes at issue, was not limited to November 30, 2020 and they are not withholding any responsive documents based on an objection to time period.

(Document No. 125, p. 20).

Named Plaintiffs also respond that "with respect to Bank of America's broader contention that January 1, 2017 through the present is the appropriate time period for all Named Plaintiffs…on all requests and interrogatories, it fails to offer any explanation for the relevance of this obviously much longer, broader, and more burdensome time period." Id.

Defendants reply that "discovery is not limited to the FLSA collective or class time frame." (Document No. 126, p. 8). Defendants contend "Named Plaintiffs make only conclusory assertions that the extended time period is burdensome." Id.

The time period in question bears on Requests For Production 4, 6, 15, and 19, and Interrogatories 8, 11, and 12. The undersigned has herein declined to compel further responses to RFP 4 or Interrogatory 12, and has narrowed the breadth of RFPs 6 and 19 and Interrogatory No. 11. Named Plaintiffs have already agreed to produce documents responsive to RFP 15 and have represented that their search for those documents thus far was not time bounded with respect to members of the putative New York and New Jersey classes at issue. The substantive burden of these requests therefore already has been narrowed significantly.

Next, it appears that only the New York and New Jersey class claims extend back to November 30, 2017, and the Florida class claims extend back to November 30, 2019. (Document No. 8, pp. 21, 30). However, the undersigned acknowledges Defendant's argument that with

11

respect to other claims extending back only to November 30, 2020, the impact of the COVID-19 pandemic on the manner in which Plaintiffs performed their jobs supports the relevance of a broader time period.

The following limitations on time periods will thus apply to the discovery requests at issue:

| **Basis Of Request:** | **Relevant Time Period:** |
|---|---|
| FLSA Collective Claims | Since January 1, 2019 |
| New York Class Claims | Since January 1, 2017 |
| Connecticut Class Claims | Since January 1, 2019 |
| South Carolina Class Claims | Since January 1, 2019 |
| Florida Class Claims | Since January 1, 2019 |
| North Carolina Class Claims | Since January 1, 2019 |
| New Jersey Class Claims | Since January 1, 2017 |

### E. Named Plaintiffs' Tax Returns (Request for Production No. 19)

Defendants next seek to compel production of Named Plaintiffs' "federal and state tax returns (including all attachments and schedules thereto)" for the applicable time period. (Document No. 123-1, pp. 10–12); (Document No. 123-3, p. 11). Defendants assert "[t]ax returns have been deemed discoverable where (1) they are relevant to a matter in dispute, and (2) the information is not available from other sources." (Document No. 123-1, p. 11) (citing Interstate Narrow Fabrics, Inc. v. Century United States, Inc., 2004 WL 444570, at *2 (M.D.N.C. Feb. 24, 2004)). Defendants contend "Named Plaintiffs' tax documents are relevant to this matter because the tax documents will show whether Named Plaintiffs claimed any business expenditures related to their employment with Bank of America, such as paying for memberships in trade groups or organizations or travel for conferences." (Document No. 123-1, p. 11). Defendants similarly argue

12

"the tax returns will reveal whether Named Plaintiffs were also working another job, which would discredit their declarations that they consistently worked more than forty hours per week in the course of their employment with Bank of America." Id. Defendants assert "[t]he second prong of the test is also satisfied" in that "Defendants cannot seek this information from an alternative source because…Named Plaintiffs have failed to provide any substantive responses to their interrogatories." Id. at p. 12.

Defendants request that "[i]f the Court does not compel Named Plaintiffs to produce their full tax returns as requested, …that Named Plaintiffs be compelled to produce information showing: (1) any business expenses while employed by Bank of America; and (2) any other employment that Named Plaintiffs maintained while also employed by Bank of America." Id. at p. 12.

Named Plaintiffs respond that "Bank of America is seeking to compel the production of eight years of full state and federal tax returns, including all attachments and schedules, not to obtain relevant information but to harass and intimidate." (Document No. 125, p. 24). Named Plaintiffs dispute the relevance of the tax returns and argue that Defendants themselves are seeking to compel the requested information from "other sources." Id. at p. 23.

In reply, Defendants reiterate that "tax returns are discoverable in this Circuit (and others) where, as here…, they are relevant to the dispute and the information is unavailable from other sources." (Document No. 126, p. 8) (citing Interstate Narrow Fabrics, Inc., 2004 WL 444570).

The undersigned is persuaded that the information Defendants purport to seek through the tax returns—namely, information about business expenditures or additional employment—is likely available from other sources. Named Plaintiffs persuasively assert the invasiveness and burden of the request, and the undersigned will decline to compel production of full tax returns in

13

Case 3:23-cv-00813-KDB-DCK    Document 139    Filed 06/03/25    Page 13 of 16

"the tax returns will reveal whether Named Plaintiffs were also working another job, which would discredit their declarations that they consistently worked more than forty hours per week in the course of their employment with Bank of America." Id. Defendants assert "[t]he second prong of the test is also satisfied" in that "Defendants cannot seek this information from an alternative source because…Named Plaintiffs have failed to provide any substantive responses to their interrogatories." Id. at p. 12.

Defendants request that "[i]f the Court does not compel Named Plaintiffs to produce their full tax returns as requested, …that Named Plaintiffs be compelled to produce information showing: (1) any business expenses while employed by Bank of America; and (2) any other employment that Named Plaintiffs maintained while also employed by Bank of America." Id. at p. 12.

Named Plaintiffs respond that "Bank of America is seeking to compel the production of eight years of full state and federal tax returns, including all attachments and schedules, not to obtain relevant information but to harass and intimidate." (Document No. 125, p. 24). Named Plaintiffs dispute the relevance of the tax returns and argue that Defendants themselves are seeking to compel the requested information from "other sources." Id. at p. 23.

In reply, Defendants reiterate that "tax returns are discoverable in this Circuit (and others) where, as here…, they are relevant to the dispute and the information is unavailable from other sources." (Document No. 126, p. 8) (citing Interstate Narrow Fabrics, Inc., 2004 WL 444570).

The undersigned is persuaded that the information Defendants purport to seek through the tax returns—namely, information about business expenditures or additional employment—is likely available from other sources. Named Plaintiffs persuasively assert the invasiveness and burden of the request, and the undersigned will decline to compel production of full tax returns in

this case. However, in the interest of robust discovery, Named Plaintiffs shall produce sufficient information to identify and describe any business expenses claimed while employed by Bank of America and any other employment they maintained during the relevant time period.

### F. Information Requested in Interrogatories 13 Through 16

Lastly, Defendants contend Named Plaintiffs' objections to Defendants' "Contention Interrogatories" are improper as "[t]hese interrogatories merely seek facts from Named Plaintiffs to support the allegations in their Amended Complaint." (Document No. 123-1, p. 12). Defendants contend "[t]hese interrogatories also are not premature," and "Defendants are entitled to factual information supporting the Named Plaintiffs' allegations known to them now." Id. at p. 13.

Named Plaintiffs respond that "Defendants completely ignore that courts in this District have routinely held that contention interrogatories prior to the end of discovery are disfavored in this Circuit." (Document No. 125, p. 26).

Defendants reply that "contention interrogatories are permissible pursuant to Fed.R.Civ.P. 33(c) and 33(a)(2)." (Document No. 126, p. 10). Defendants contend "it is well-settled that an interrogatory may inquire in a party's contentions in the case, by soliciting the factual bases of the plaintiff's allegations." Id. Defendants further contend that "***[a] year into this litigation***, Named Plaintiffs must have some facts to support the allegations that (1) Defendants' misclassification of them was willful; and (2) Defendants' failure to pay them minimum wage and overtime was willful." Id. at p. 11 (emphasis in original). Defendants contend they "are entitled to take Named Plaintiffs' depositions with an understanding of the facts known to Named Plaintiffs that led them to make these allegations," and "if Named Plaintiffs need to supplement these responses later, so be it." Id.

The undersigned agrees with Named Plaintiffs that "[c]ourts generally disfavor contention interrogatories before substantial discovery has taken place." Glob. Locating Sys., LLC v. ShadowTrack 247, LLC, No. 1:19-CV-225-MR, 2020 WL 3432714, at *2 (W.D.N.C. June 23, 2020). The current deadline for discovery completion is September 30, 2025, with initial expert reports due on or before July 16, 2025. (Document No. 138). The Court will accordingly direct that Named Plaintiffs supplement their responses to Interrogatories 13–16 on or before September 12, 2025, closer to the close of fact discovery.

**IT IS, THEREFORE, ORDERED** that "Defendants Bank Of America Corporation And Bank Of America, N.A.'s Motion To Compel Named Plaintiffs To Respond To Their First Set Of Interrogatories And Request For Production Of Documents" (Document No. 123) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Named Plaintiffs shall supplement or amend their responses to the following discovery requests as described herein on or before **June 27, 2025**:

- Requests For Production Nos. 3, 5, 6, 8, 10, 15, 16, 17, 18, 20, 21, and 22; and
- Interrogatory Nos. 8 and 11.

The parties are respectfully reminded that they must continue to comply with the Federal Rules and with the parameters set for discovery in this case by the Court's Orders entered April 1, 2024 (Document No. 23), February 19, 2025 (Document No. 129), and May 5, 2025 (Document No. 138), and the parties' Stipulated Protective Order (Document No. 31) entered May 15, 2024.

**IT IS FURTHER ORDERED** that Named Plaintiffs shall produce sufficient information to identify and describe any business expenses claimed while employed by Bank of America and any other employment they maintained during the relevant time period on or before **June 27, 2025**.

**IT IS FURTHER ORDERED** that Named Plaintiffs shall supplement their responses to Interrogatories 13–16 on or before **September 12, 2025**.

**SO ORDERED**.

Signed: June 2, 2025

David C. Keesler
United States Magistrate Judge