# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:23-CV-00813-KDB-DCK

FRANK CRONIN,
RUSSELL PFEFFER,
ROGER ROJAS,
MUHAMED VRLAKU,
JASON AUERBACH,
DAVID DESSNER,
ADAM SHERMAN, AND
GRACE BOZICK,

      **Plaintiffs,**

      **v.**

BANK OF AMERICA
CORPORATION, AND
BANK OF AMERICA N.A.,

      **Defendants.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court in this long-running FLSA collective action on Defendants' Motion to Dismiss Opt-In Plaintiffs for Failure to Respond to Discovery Requests (the "Motion") (Doc. No. 142), which also seeks to compel full discovery responses from certain Plaintiffs. The Court has carefully considered this motion, and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** in part and **DENY** in part the Motion.

## I.    LEGAL STANDARD

"District courts have the authority to dismiss cases under Federal Rule of Civil Procedure 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Rules 37(d) and 41(b) as part of the courts' comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Long v. CPI Sec. Sys., Inc.*, No. 3:12-CV-00396-RJC, 2013 WL 1164491,

1

Case 3:23-cv-00813-KDB-DCK    Document 152    Filed 10/20/25    Page 1 of 7

at *1 (W.D.N.C. Mar. 20, 2013), *report and recommendation adopted,* No. 3:12-CV-396-RJC-DSC, 2013 WL 2154808 (W.D.N.C. May 17, 2013) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 62, (1991)) (internal quotations omitted). "Rule 37(b) provides that the [C]ourt may 'dismiss[ ] the action or proceeding in whole or in part' if a party 'fails to obey an order to provide or permit discovery,'" *id.* (quoting Fed. R. Civ. P. 37(b)(2)(A)(v)), as does Rule 37(d). *See* Fed. R. Civ. P. 37(d)(3). Likewise, Rule 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Nevertheless, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.,* 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco,* 569 F.2d 807, 810 (4th Cir. 1978). That is, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 92 (4th Cir. 1989). As a result, Courts considering dismissal under Rule 37 must first apply a four-part test: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th Cir. 2001).[1]

---

[1] Courts contemplating dismissal under Rule 41(b) consider a similar set of factors, including "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2013 WL 12182098, at *1 (E.D. Va. Aug. 16, 2013) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)) (internal quotations omitted).

In evaluating the four factors, the Court must also consider whether a party has notice that their noncompliance may result in a dismissal or default. Indeed, the Fourth Circuit has "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). Thus, a party "is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid" the sanction. *Id.* (quoting *Choice Hotels Int'l v. Goodwin & Boone,* 11 F.3d 469, 473 (4th Cir. 1993)). However, while "giving notice is an aspect of fairness in procedure that might relate to the ultimate fairness of imposing any sanction …. [I]t is not a rubric to be applied mechanically." *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 225–26 (4th Cir. 2019).

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiffs, current and former employees of Bank of America, sold Bank of America mortgage products and other mortgage-related loan products. See Doc. No. 8 at ¶ 1. They allegedly received no overtime pay for hours worked in excess of 40 hours per week because they were classified as "exempt" under the FLSA. *Id*. at ¶¶ 1–2, 40, 55. Bank of America accordingly did not keep track of Plaintiffs' time records or set work schedules. *Id*. at ¶¶ 2, 42–43. Instead, Plaintiffs were paid on commission, although at least some positions received a guaranteed minimum salary. *See* Doc. No. 28-7 at 2–3. Pursuant to Bank of America policy, any commissions earned by Plaintiffs were first offset against their minimum compensation and if the monthly commissions exceeded that amount, Plaintiffs were paid the difference as additional compensation. *Id.* Plaintiffs allege, however, that Bank of America misclassified them as "exempt" and therefore unlawfully denied them overtime and minimum wages. Doc. No. 8 at ¶¶ 2, 82.

Plaintiffs filed this case in November 2023, alleging that Defendants Bank of America Corporation and Bank of America, N.A. (collectively, "Bank of America") willfully violated the FLSA by failing to compensate them for all hours worked. *Id*. at ¶¶ 82, 87. They also bring state law claims under New York, Connecticut, South Carolina, North Carolina, New Jersey, and Florida wage and labor laws. *Id*. at ¶¶ 106–153.

On July 26, 2024, the Court in part granted and in part denied Plaintiffs' Motion for Conditional Collective Certification and Facilitated Notice, and after multiple extensions, set the discovery deadline for January 15, 2026. *See* Doc. No. 147. In July 2025, Bank of America filed its Motion, seeking to remove certain opt-in Plaintiffs who failed to respond to discovery requests and to compel two opt-in Plaintiffs who have only "partially" responded to written discovery to respond or face dismissal. The Motion is fully briefed and ripe for this Court's review.

## III. DISCUSSION

Bank of America contends that pursuant to Rules 37(d) and 41(b), the Court should dismiss opt-in Plaintiffs Vincent Cesario, Raul Chavez, Frank Grippi, Alyson King, Hamasah Mangal, Steven Ngo, Anu Patel, Jeffrey Reilly, Erron Wilson, and Helen Zuo, with prejudice, for failure to respond to its discovery requests or meaningfully participate in discovery. Doc. No. 142 at 1.

After serving discovery on fourteen plaintiffs, Bank of America was notified that Plaintiffs Alyson King, Raul Chavez, and Frank Grippi would be "withdrawing their consents to join" rather than respond to discovery requests (which Bank of America alleges has not yet occurred). *Id.* at 3. In addition, without explanation, Plaintiffs Hamasah Mangal, Steven Ngo, Erron Wilson, and Anu Patel failed to respond to discovery requests. *Id.* at 3. After providing additional time for the nonresponsive plaintiffs to respond without success, Bank of America designated nine replacement plaintiffs and served them with discovery requests. *Id.* Of those nine replacements, Jeffrey Reilly

and Vincent Cesario decided to withdraw their consent to join rather than participate in discovery (Bank of America again alleges withdrawal has not occurred), and Helen Zuo failed to respond. *Id.* Additionally, Bank of America alleges that Plaintiffs Bradford Cottrill and Richard Wellon represented through counsel that they intended to respond to Bank of America's interrogatories but have not done so. *Id.* Bank of America asks the Court to compel their responses or similarly face dismissal from the matter.

When considering whether to dismiss the opt-in Plaintiffs, The Court organizes them into two groups: (1) Plaintiffs who evinced an intent to withdraw from the suit rather than participate in discovery, and (2) Plaintiffs who have failed to respond or failed to respond fully to discovery. With respect to the first group—Plaintiffs who have represented to Bank of America their intent to withdraw rather fulfill their discovery obligations—the Court finds that they should be dismissed consistent with that intent. It would be fundamentally unfair to allow Plaintiffs who assert a desire to exit the case rather than comply with discovery to remain parties to the case simply because they fail to follow through with their withdrawal. Permitting that type of behavior undermines the discovery process. Moreover, these Plaintiffs are "entirely responsible for their failure to prosecute their case …. [presumably] because they do not wish to be burdened by discovery, an essential duty and responsibility of a plaintiff" in civil cases. *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2013 WL 12182098, at *1 (E.D. Va. Aug. 16, 2013) (discussing whether to dismiss opt-in plaintiffs who expressed an intent to withdraw from the suit rather than respond to discovery and concluding the factors under Rules 37(d) and 41(b) weighed in favor of dismissal with prejudice). Therefore, in accordance with Plaintiffs' apparent intent to withdraw rather than engage in discovery, the Court will dismiss them with prejudice from the matter.

Next, with respect to the Plaintiffs who have either failed to respond or not responded fully, the Court finds that dismissal is not warranted at this time. While Plaintiffs bear a responsibility to participate in discovery and have offered no justification for failing to do so beyond counsel's unsupported suggestion that they fear retaliation, it remains unclear whether their noncompliance is the product of bad faith or some other circumstance. Thus, the Court is unable to substantively weigh factor one under Rules 37 and 41(b). As for factors two and three, Plaintiffs' unwillingness to comply with discovery responsibilities clearly prejudices Bank of America by impeding their ability to mount a defense to the claims against them, and Bank of America additionally represents that it learns of the unresponsiveness only at or near response deadlines, conduct that could be characterized as dilatory and ought to be deterred.

However, when considering factor four, the Court concludes that a sanction short of dismissal is appropriate, particularly because Plaintiffs have not been put on notice (for example, by a motion to compel) that failure to participate in discovery could lead to dismissal with prejudice. Accordingly, the Court will direct Plaintiffs who have failed to respond or who have not fully responded to Bank of America's discovery requests to serve complete responses to Bank of America's discovery requests within twenty-one (21) days of this Order. Failure to comply may result in dismissal with prejudice.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Defendants' Motion to Dismiss Opt-In Plaintiffs for Failure to Respond to Discovery Requests (Doc. No. 142) is **GRANTED** in part and **DENIED** in part as set forth above; and

2.  The remaining Plaintiffs are directed to serve complete responses to Defendants' discovery requests within twenty-one (21) days of this Order.

**SO ORDERED ADJUDGED AND DECREED**.
Signed: October 18, 2025

Kenneth D. Bell
United States District Judge