# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:23-CV-00813-KDB-DCK

| | |
|---|---|
| **RUSSELL PFEFFER ET AL.,** | |
| **Plaintiffs,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **BANK OF AMERICA CORPORATION AND BANK OF AMERICA N.A.,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiffs' Objection to Magistrate Judge's Decision (Doc. No. 177) to grant in part and deny in part Plaintiffs' Motion to Compel. The Court has carefully considered this motion and the Parties' briefs and exhibits in support of their respective positions. For the reasons discussed below, the Court will **OVERRULE** the objections.

## I.        LEGAL STANDARD

A district court judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, including discovery disputes. See 28 U.S.C. § 636(b)(1)(A); *Mason v. Health Mgmt. Assocs. LLC*, No. 3:10-CV-472-KDB, 2020 WL 7186759, at *2 (W.D.N.C. Dec. 7, 2020). Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on such non-dispositive matters within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's ruling on a non-dispositive discovery issue, the district court will modify or set aside any part of the order only if it is "clearly erroneous or is contrary to law." *Id.* Under the clearly erroneous standard, the reviewing court does not ask whether a finding is "the best or only

1

conclusion permissible based on the evidence." *In re Subpoena of Am. Nurses Ass'n*, No. 08-CV-0378, 2013 WL 5741242, at *1 (D. Md. Aug. 8, 2013) (quoting *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010)). Rather, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[1] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Walton v. Johnson*, 440 F.3d 160, 173–74 (4th Cir. 2006).

"An order is 'contrary to law' where it fails to apply or misapplies relevant statutes, case law or rules of procedure." *See Meineke Car Care Centers, Inc. v. RLB Holdings, LLC,* No. 3:08-CV-240-RJC-DSC, 2011 WL 13217997, at *1 (W.D.N.C. Sept. 30, 2011) (citations omitted); *Winthrop Resources Corp. v. Commscope, Inc. of North Carolina*, No. 5:11-CV-172, 2014 WL 5810457, at *1 (W.D.N.C. Nov. 7, 2014). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes ... should be afforded 'great deference.' " *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018), *amended on reconsideration*, 402 F. Supp. 3d 153 (D. Md. 2019) (internal quotations and citations omitted); *see also Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) (stating that "[a] district court owes substantial deference to a magistrate judge in considering a magistrate judge's ruling on a non-dispositive motion"); 12 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3069 (2d ed. 1997) (observing that altering a magistrate judge's nondispositive orders is extremely difficult to justify); *Cullen v. Hall Auto., LLC*, No. 2:21CV47, 2022 WL 1262549, at

---

[1] In an only slightly different context, the Fourth Circuit has described "clearly erroneous" as not being "just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)). It must be "dead wrong." *Id.*

*1 (E.D. Va. Apr. 28, 2022) (same). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W. Va. 2014) (quoting *Shoop v. Hott,* No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)). Importantly, "it is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

## II.     FACTS AND PROCEDURAL HISTORY

The facts of the matter have been well established in previous Orders, so the Court will not recount them in depth here. Briefly, Plaintiffs are current and former employees of Bank of America who sold Bank of America mortgage and mortgage-related loan products. See Doc. No. 8 ¶ 1. They allegedly received no overtime pay for hours worked in excess of 40 hours per week because they were classified as "exempt" under the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 1–2, 40, 55. Plaintiffs allege, however, that Bank of America misclassified them as "exempt" and therefore unlawfully denied them overtime and minimum wages in violation of state and federal law *Id.* ¶¶ 2, 82, 87, 106–153.

Discovery issues have been abundant. With respect to this dispute, in November 2025, Plaintiffs filed a Motion to Compel, that among other things, asked the Court to compel production of certain documents related to the classification of certain positions as exempt or nonexempt under the FLSA that Defendants claim are privileged. Doc. No. 157. Magistrate Judge David C. Keesler held a hearing on the issue in February 2026, and in March 2026 issued an order granting in part and denying in part Plaintiffs' Motion. Plaintiffs timely objected and the objection is ripe for this Court's review.

### III. DISCUSSION

The Federal Rules permit discovery of any nonprivileged matter relevant to a claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Such information need not be admissible to be discoverable. *Id*. When a party fails to fully respond to interrogatories or document requests, the requesting party may move to compel. Fed. R. Civ. P. 37(a)(3)(B). The resisting party bears the burden of justifying its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016).

Thus, the rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507(1947). Further, whether to grant or deny a motion to compel discovery is generally left within a district court's broad discretion. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion). And, as described in detail above, a District Court reviews a Magistrate Judge's order granting a motion to compel under Fed. R. Civ. P. 72(a), which provides that a District Court may reverse such a ruling only if it is "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a).

Here, Plaintiffs object to three aspects of Judge Keesler's Order, asserting he clearly erred when (1) concluding that a completed questionnaire—including the built-in scoring system and related communications—used by Defendants legal department to assess whether a position should to be classified as exempt was privileged; (2) determining the issue of "sword and shield" to be resolved after Defendants expressly represented at the hearing that they do not base their good faith defense on the advice of counsel and do not intend to rely on counsel's advice at any stage of their defense as to liquidated damages; and (3) finding that alleged delays in Defendants' production of its Privilege Log did not amount to a waiver of privilege.

### i.   Completed Questionnaire, Scoring System, and Associated Communications

The Court finds that Magistrate Judge Keesler did not clearly err when determining that the completed questionnaire, the scoring system, and communications around classifying Plaintiffs as exempt or not exempt were privileged. Defendants' in-house wage-and-hour attorney designed the Job Responsibility Review Administrative Process ("JRR Process"), revised the Questionnaire used in that process, and created the Questionnaire's scoring rubric to enable efficient legal review of exemption classifications for hundreds of positions classified as exempt. Doc. No. 184 at 2. As a result, the completed Questionnaires, scoring results, exemption determinations, and related communications constitute part of the Bank's legal review process and are protected by the attorney-client privilege, which Plaintiffs have not shown any basis to overcome. Accordingly, Plaintiffs' objection is overruled.

### ii.   Sword and Shield

The Court also finds that Magistrate Judge Keesler did not clearly err when determining that the issue of "sword and shield" had been resolved.[2] Although Defendants assert a good faith defense under the FLSA, they have expressly and repeatedly disclaimed reliance on advice of counsel in support of their defense.[3] Accordingly, Plaintiffs' objection is overruled.

---

[2] A party uses privilege as a shield when it refuses to disclose attorney-client communications and uses privilege as a sword when it affirmatively relies on those same communications to support a claim or defense. Courts consistently hold that you cannot do both because it is unfair to use privileged communications as proof while blocking the other side from examining them. *See In re Antitrust,* No. 2:18-MD-2836, 2022 WL 4354620, at *3 (E.D. Va. Aug. 15, 2022) (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991)) ("A party uses the attorney-client privilege as both a sword and a shield when 'assert[ing] a claim that in fairness requires examination of protected communications.'") (additional citation omitted).

[3] In their Response to Plaintiffs' Objection, Defendants argue that they "have disclosed the existence of a process, described the process, including the Bank's in-house attorneys' role in it, but they have not- and will not - put the content of any privileged communication before the factfinder as proof of their having acted in good faith in determining that an exemption applied as

### iii.  Waiver

Finally, the Court finds that Magistrate Judge Keesler did not clearly err in (1) determining that Plaintiffs' various complaints about Defendants' Privilege Log were resolved—and (2) after extensive argument at the hearing, concluding that any alleged untimeliness in producing the log did not waive the attorney-client privilege.[4] Accordingly, Plaintiffs' objection is overruled.

Finally, despite Magistrate Judge Keesler's repeated admonitions to Plaintiffs' counsel to engage in meaningful dialogue and pursue potential resolutions with opposing counsel (Doc. No. 173 at 9), Plaintiffs' counsel have persisted in rehashing discovery disputes that Judge Keesler already resolved in the proper exercise of his broad discretion—and that, in any event, fall far short of being "clearly erroneous" or "contrary to law."  This is yet another example of a dispute that unnecessarily delays a reckoning on the merits (and only more so with these objections). It is past time for both Parties to reach the actual merits of their yearslong dispute. Litigation is a means to an end and not an end in itself.

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiffs' Objections to Magistrate Judge's Order (Doc. No. 177) are **OVERRULED**; and

---

a defense against liquidated damages." Doc. No. 184 at 21. The Court reaches no conclusion as to the permissible scope of Defendants' arguments with respect to their process.

[4] Judge Keesler explained that "although 'Rule 26 is silent with regard to the time within which the [log] must be provided … the failure to produce a timely or sufficient [] log **may** constitute a forfeiture of any claims of privilege.'" Doc. No. 173 at 4 (quoting *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2015 WL 5785709, at *11 (D.S.C. July 31, 2015), *report and recommendation adopted as modified,* No. 2:13-CV-1831-DCN, 2015 WL 5781383 (D.S.C. Sept. 30, 2015)) (emphasis added). This places the determination of whether an untimely log results in waiver squarely within the Magistrate Judge's broad discretion.

2.  The Magistrate Judge's Order Granting in Part and Denying in Part Plaintiffs'

Motion to Compel (Doc. No. 173) is **AFFIRMED**.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 5, 2026

Kenneth D. Bell
United States District Judge

7